**In the Matter of Charles F. Short,
Bankrupt.**

**Charles F. SHORT, Appellant,**

**v.**

**Sheldon D. GRAND, Trustee,
Appellee.**

**No. 74–1311.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1974.

Decided Dec. 3, 1974.

Arthur Kreisman, St. Louis, Mo., for appellant.

J. Leonard Kline, Clayton, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

The sole issue presented by this appeal is whether the amount accrued to the credit of Charles F. Short, Bankrupt, in the Public School Retirement System of the State of Missouri, is "property" which passes to the Trustee in Bankruptcy under § 70(a)(5) of the Bankruptcy Act (11 U.S.C. § 110(a)(5)). The Referee in Bankruptcy answered this question in the affirmative and ordered the Bankrupt to apply for the amount due him from the fund and to turn over the proceeds to the Trustee. Upon appeal, the district court affirmed the Referee's decision and order. We affirm for the reasons hereinafter stated.

A brief statement of the facts which are undisputed is desirable. Mr. Short filed his voluntary petition in bankruptcy on August 21, 1972. He has since August 1, 1972, been employed by a welfare agency in St. Louis. Prior to July 10, 1972, Short had been employed for a period of about seven years by the Missouri Department of Education and as a result of such employment, pursuant to Chapter 169 R.S.Mo. 1969, V.A.M.S., he had contributed periodically 8% of his salary, aggregating $4578.-68 on which $418.70 interest had accrued. Short permanently retired as a teacher on July 10, 1972 and was not at the time of the bankruptcy or since been employed in such a position covered by Chapter 169.

We now set out pertinent provisions of Chapter 169. Section 169.090 provides:

Neither the funds belonging to the retirement system nor any benefit accrued or accruing to any person under the provisions of sections 169.010 to 169.130 shall be subject to execution, garnishment, attachment or any other process whatsoever, nor shall they be assignable, except as in sections 169.010 to 169.130 specifically provided.

Section 169.070(6) reads:

If a member ceases to be a public school employee as herein defined and certifies to the board of trustees that such cessation is permanent, or if his membership is otherwise terminated, he shall be paid his accumulated contributions with interest if he has contributed for more than five years.

A board of trustees is established by § 169.020(2) and such board is empowered to formulate rules and regulations for the government of its own proceedings and for the administration of the system. § 169.020(14). Pursuant to such statutory authority, the board adopted Rule VII reading:

1. If a member withdraws from the system, he shall be paid the full amount due him within sixty days

of the establishment of his withdrawal; provided, however, that a member may not make application for withdrawal of contributions until one hundred twenty days have elapsed after the termination of his employment as a teacher. The Board may waive the waiting period set by this regulation when sufficient evidence is presented to indicate that such waiting period would impose a hardship on the member and that the best interests of the member would be served by the waiver.

The statute controlling the issue before us is § 70(a)(5) of the Bankruptcy Act which in pertinent part reads:

(a) The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * ; (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred * * *.

The Supreme Court in Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), construes the meaning of the word "property" in § 70(a)(5). In that case the subject matter of the controversy was a refund due the taxpayer for 1971 income tax withheld and paid by the employer from salary in an amount in excess of the tax ultimately determined to be due. The voluntary bankruptcy petition was filed on January 5, 1972. Taxpayer's return for 1971 was filed in February 1972 and refund of the excess tax in the amount of $250.90 was made somewhat later.

■ The Supreme Court, citing its prior opinions, held that the term "property" as used in the Bankruptcy

Act has never been given a precise or universal definition. The Court holds that it is the twofold purpose of the Bankruptcy Act to convert the bankrupt's estate into cash and to distribute it among creditors and to give the bankrupt a fresh start with such exemptions and rights the statute left untouched. The Court then approvingly quotes from Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 as follows:

> The main thrust of § 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term "property" has been construed most generally and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed. [Kokoszka v. Belford, *supra*, 417 U.S. at 646, 94 S.Ct. at 2434.]

The Court then observes that construction must be tempered by the intent of Congress "to leave the bankrupt free after the date of his petition to accumulate new wealth in the future." The Court goes on to say that the tax refund "does not relate conceptually to future wages and it is not the equivalent of future wages for the purpose of giving the bankrupt a 'fresh start.'" *Id.* The petitioner's contention that the refund is necessary for a fresh start because it is solely derived from wages is rejected. The Court quoted with approval from the opinion of the Second Circuit before it on appeal as follows:

> "Just because some property interest had its source in wages . . . does not give it special protection, for to do so would exempt for the bankrupt estate most of the property owned by many bankrupts, such as savings accounts and automobiles which had their origin in wages." [417 U.S. 648, 94 S.Ct. at 2435.]

The Court concluded that the Court of Appeals correctly determined "that the income tax refund is 'sufficiently rooted in the bankruptcy past' to be defined as 'property' under § 70a(5)."

The reasoning and holding in *Kokoszka* affords strong support for an affirmance here. The cases relied upon by the bankrupt, such as Lines v. Frederick, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), are considered and distinguished. The $5,000 that the bankrupt in our present case had accumulated in the fund is substantially greater than the $250 involved in *Kokoszka*. In our present case the salary deductions covered a period of seven years whereas the deductions in *Kokoszka* involved only one year. Thus our present case presents a stronger record than *Kokoszka* for determining that the retirement fund accumulations are sufficiently rooted in the bankruptcy past to be included as property under § 70(a)(5).

There is no merit to bankrupt's contention that his retirement fund accumulations do not constitute property because application could not be made for withdrawal until 120 days after retirement, which period had not elapsed at the time of the filing of the bankruptcy petition. The waiting period provision relied upon is not found in any statute but is set out in Rule VII, *supra*. Section 169.070(6) clearly establishes the right of the bankrupt to be repaid for contributions to the fund upon permanent retirement from teaching. The administrative rule cannot take away rights created by statute. It would appear that Rule VII is designed for administrative convenience in processing refund claims and it was not intended to take away rights created by the statute.

Moreover, in *Kokoszka* the refund was neither fixed as to the amount or available until the bankrupt, subsequent to his filing his petition in bankruptcy, filed his 1971 tax return and his tax liability was determined. *Kokoszka* holds that a property interest is not precluded because enjoyment must be postponed.

Affirmed.