In re Paul Jeffrey NEWNUM, Lora Rae (Lanham) Newnum, Bankrupts.

James P. DUNLAVEY, Trustee, Plaintiff,

v.

Paul Jeffrey NEWNUM, Lora Rae (Lanham) Newnum, Defendants.

Bankruptcy No. B–79–748/749 A PHX VM.

United States Bankruptcy Court, D. Arizona.

Jan. 3, 1980.

Scott M. Golden, Phoenix, Ariz., for defendants.

Jon N. Vogel, Scottsdale, Ariz., for plaintiff.

## MEMORANDUM

VINCENT D. MAGGIORE, Bankruptcy Judge.

In this case the court was asked to determine the status of a pension plan contribution payment under Section 70a of the Bankruptcy Act. (11 U.S.C. § 110) The legal issue was whether the bankrupt's interest in the National Automobile Dealers and Associates Retirement Trust was property passing to the trustee.

Prior to filing a voluntary bankruptcy petition, the bankrupt had made contributions to an employer retirement plan which provided that payment of the proceeds were to be distributed to the contributor upon *termination of employment*, retirement, death, or disability. Shortly after filing, i. e., within six months thereof, the bankrupt's employment was terminated and he took distribution of his pre-bankruptcy contributions.

█ Generally, property acquired by the bankrupt after bankruptcy is not property of the bankruptcy estate and does not pass to the trustee. *In re Kane*, 48 F.2d 96 (2d Cir. 1931); *In re Krolick*, 16 F.Supp. 55 (D.C.N.Y.1936); *In re Sussman*, 289 F.2d 76 (3d Cir. 1961); *In re Nunnally*, 506 F.2d 1024 (5th Cir. 1975).

Further it has long been the law that when pension rights accure after discharge, the fund cannot be reached by the bankruptcy trustee. *Kissam v. Ferguson*, (Sup.) 11 N.Y.S.2d 34 (1939); *In re Goodwin*, 57 F.2d 31 (6th Cir. 1932); *In re Nunnally*, supra.

However, in *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), the U. S. Supreme Court resolved a conflict between the Circuits, regarding tax loss carryback refunds, and established a criterion for Section 70a cases. In its analysis, the Court quoted *Fisher v. Cushman*, 103 F. 860 (1st Cir. 1900):

It is impossible to give any categorical definition to the word "property", nor can we attach to it in certain relations the limitations which would be attached to it in others. (at 864).

The Supreme Court stated:

The main trust of Section 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition. To this end the term "property" has been construed most generously and an interest is not outside its reach because it is novel or contingent or *because enjoyment must be postponed.* . . . However, limitations on the term do grow out of other purposes of the Act; one purpose which is highly prominent and is relevant in this case is to leave the bankrupt free after the date of his petition to accumulate new wealth in the future. [emphasis added] (382 U.S. at 379, 86 S.Ct. at 515).

Thus, the Court focused squarely on the two intertwined purposes of the Act: the benefit of creditors; and, a "fresh start" for the debtor-bankrupt. *Segal*, at 380, 86 S.Ct. at 515. See *Burlingham v. Crouse*, 228 U.S. 459, 33 S.Ct. 564, 57 L.Ed. 920 (1913), at 473; *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

As articulated in *Segal*, the criterion was: Whether the contested property " . . . [was] . . . sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unemcumbered fresh start that it should be regarded as 'property' under Section 70a . . . ." (at 380, 86 S.Ct. at 515).

In 1974, the U. S. Supreme Court again addressed a Section 70a issue, this time with respect to individual income tax refunds, and analyzed the nature of the asset in the light of the dual purposes of the Bankruptcy Act. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), at 646–47, 94 S.Ct. at 2434–35. In *Kokoszka*, the Court determined that the

income tax refund at issue did not " . . . relate conceptually to future wages and it is not the equivalent of future wages for the purpose of giving the bankrupt a 'fresh start.' " (at 647, 94 S.Ct. at 2434). The Court went on to state:

The tax payments refunded here were income tax payments withheld from the petitioner prior to his filing for bankruptcy and are based on earnings prior to that filing.

The Court concluded that the income tax refund was " 'sufficiently rooted in the pre-bankruptcy past' to be defined as 'property' under § 70a(5)". (at 648, 94 S.Ct. at 2434).

In *Short v. Grand*, 507 F.2d 425 (8th Cir. 1974), the Court of Appeals applied the reasoning of *Kokoszka*, supra, and *Segal*, supra, to a $5000.00 retirement fund payout and held that it was property which passed to the trustee notwithstanding that it was not paid to the bankrupt until after he filed his petition. The Court found that the accumulated monies were paid in over a period of seven years, and thus presented an even stronger factual basis than *Kokoszka* for the application of the *Segal* criterion. That is, the property was sufficiently rooted in the pre-bankruptcy past so as to come within Section 70a of the Bankruptcy Act.

■ In the present case, the bankrupt received $834.71 after filing bankruptcy upon the termination of his employment. Clearly, applying the *Segal* criterion, it was property sufficiently rooted in the pre-bankruptcy past so as to come within the provisions of Section 70a. Moreover, this amount will allow some distribution to the bankrupt's creditors, and its loss will not seriously impair the bankrupt's unencumbered fresh start. Further, the amount paid out in one lump sum cannot reasonably be considered to be a true "pension". Here the payout was immediate and did not in any manner serve to protect the bankrupt's future.

■ As a separate, but related, ground for this decision, the trustee argued that the second to last paragraph of Section 70a vested title in the trustee because the mon-

ey, an estate in the nature of funds held in trust, became transferable by the bankrupt within six months after bankruptcy upon the occurrence of a stated condition, i. e., termination of employment. This subsection of Section 70a states:

All property, wherever located, except insofar as it is property which is held to be exempt, in which the bankrupt has at the date of bankruptcy an estate or interest by the entirety and which within six months after bankruptcy becomes transferable in whole or in part solely by the bankrupt shall, to the extent it becomes so transferable, vest in the trustee and his successor or successors, if any, upon his or their appointment and qualification, as of the date of bankruptcy. (parentheses added).

What the trustee requests is that the Court ought to read the above without the phrase " . . . or interest by the entirety . . .; " and then, to interpret the term "estate" in its broadest legal sense so as to be applicable to most any legal or equitable interest in property.

This is an interesting and novel position which has merit.

The Court believes that the trustee's position may best be interpreted as a time-limit set by Congress within which property passing or coming to the bankrupt after filing becomes vested in the trustee. It must be given consideration as a premise in the case at bar.

The Court finds that an interpretation of Section 70 required that Judgment be rendered for the Plaintiff and against the Defendants.