**In re AMERICAN SPINNING MILLS, INC., Debtor.**

**AMERICAN SPINNING MILLS, INC., Plaintiff,**

**v.**

**Stephen KUBICEK, d/b/a Stephen Kubicek Yarns, Defendant.**

**Bankruptcy No. 83–00901G.**
**Adv. No. 83–0834G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 15, 1984.

Morton Newman, Larry Haft, Kevin J. Carey, Esquire Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for debtor/plaintiff, American Spinning Mills, Inc.

J. Willison Smith, Jr., Philadelphia, Pa., for defendant, Stephen Kubicek, d/b/a Stephen Kubicek Yarns.

Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for creditors' committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The predominant issue arising under the debtor's complaint and a creditor's [1] counterclaim is the amount of damages to be awarded to a supplier of yarn when the spinner of wool defectively performs its task. Under the facts of the case before us and for the reasons expressed herein, we hold that the measure of damages is approximately the price at which the supplier of yarn would have resold it.

The facts of this case are as follows:[2] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on March 3, 1983. Prior to that time the debtor agreed to spin yarn for a sole proprietorship owned by Stephen Kubicek ("Kubicek"). Under this arrangement Kubicek would ship wool to the debtor who would then spin the material into yarn and return the product to Kubicek for sale. A customer of Kubicek's, Scott Carpet Mills, Inc. ("Scott"), ordered 9200 pounds of spun wool from Kubicek at a price of $3.95 per pound. Kubicek then delivered that weight of wool fiber to the debtor for spinning. The debtor improperly spun the wool and deviated from the specifications provided by Kubicek. When Scott wove the defectively spun yarn into carpeting, the flaw was visible as color streaking, which rendered unsaleable the carpet and unused yarn. The debtor failed to prove that the streaking would have been precluded through the use of a different process for weaving the yarn into carpet. Due to the debtor's failure to spin the yarn properly, Scott bought yarn from another merchant, and thus Kubicek lost the contract with Scott.

Firstly, Kubicek suffered damages by the debtor's improper spinning of the yarn at a rate of $3.95 per pound for a total of $36,340.00. The complete loss of the Scott contract and value of the wool was foreseeable by the parties, and they implicitly agreed that the measure of damages would approximately be the price at which Kubicek would have sold the spun yarn. Sec-

---

1. Although the creditor raised numerous counterclaims he has only briefed those which we address here, and thus he has waived those which were not briefed.

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

ondly, Kubicek suffered an additional $450.00 in damages for repacking charge incurred by Kubicek due to the debtor's breach of one of the provisions of the spinning contract which required it to pack properly a shipment of yarn. Thirdly, under the contract the parties agree that the debtor owes Kubicek a sales commission of $698.26. Fourthly, Kubicek has not proved by a preponderance of the evidence that the debtor breached the spinning contract by failing to account for any of Kubicek's wool. Fifthly, prior to set-off against the above damages, for the prepetition rendition of properly performed spinning Kubicek currently owes the debtor $47,450.30. Thus, setting off the parties' respective liabilities we find that Kubicek owes the debtor $9,962.04.

 In commencing our discussion, the question we must first address is whether Kubicek has validly asserted his counterclaims in light of his failure to seek relief from the automatic stay imposed by 11 U.S.C. § 362(a) of the Code. The basis for this contention is that the debtor filed the complaint before us in state court prior to the filing of the petition. After the filing of the petition the debtor removed the complaint to this court where Kubicek filed his answer to the complaint. Although § 362(a) generally bars all debt collection efforts against the debtor or the property of his bankruptcy estate after the filing of the petition, the stay implicitly does not bar a party from commencing an adversary or contested proceeding against the debtor under the caption of the bankruptcy case in the court where the petition is pending. If the continued prosecution of disputed matters in bankruptcy court proves to be unreasonably burdensome to the debtor, he may apply to the court to delay the proceedings or bar them under 11 U.S.C. § 105(a). Since the case at bench was removed from state court to this court, a creditor may file a counterclaim here against the debtor without requesting relief from the automatic stay, and thus the debtor's objection on this basis is without merit.

 The second point raised by the debtor is whether Kubicek is deemed to have an answer to the debtor's complaint still pending in this case. During trial, Kubicek, while on the witness stand and without first seeking the advice of counsel, "disavowed" his answer to the complaint. We hold that the purported disavowal, without court approval, was ineffective.

 Thirdly, the amount of damages incurred by Kubicek for the debtor's defective spinning of the yarn is at issue. The evidence indicates that Kubicek purchased the wool for approximately $1.80 per pound and intended to sell the spun wool to Scott for $3.95 per pound. Kubicek contends that industry wide custom dictates that the resale price of $3.95 is the proper measure of damages. We find insufficient evidence to prove the existence of such a custom although the evidence does prove that the parties implicitly agreed to such a standard of damages. Since the wool was rendered useless by the debtor's action, and Kubicek lost the sale to Scott, the harm suffered by Kubicek approximates its resale price to Scott. No persuasive evidence was introduced to undercut this figure. Although the $3.95 figure may overstate slightly the amount of Kubicek's injury, in view of the facts presented, this figure represents the most just resolution of the issue and it comports with the Pennsylvania case law on damages. "Where a contract is breached without legal justification, the injured party is entitled to recover (absent contrary provisions in the contract) whatever damages he suffered, provided (1) they were such as would naturally and ordinarily follow from the breach; (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract; (3) they can be proved with reasonable certainty[.]" *Keystone Diesel Engine Co., Inc. v. Irwin*, 411 Pa. 222, 224, 191 A.2d 376 (1963). "Compensation for breach of contract cannot be justly refused because proof of the exact amount of loss is not produced ... [T]he law does require ... that the evidence shall with a fair degree of probability establish a basis for the

assessment of damages." *Exton Drive-In, Inc. v. Home Indemnity Co.*, 436 Pa. 480, 488, 261 A.2d 319 (1969), *cert. den.* 400 U.S. 819, 91 S.Ct. 36, 27 L.Ed.2d 46. "All that is required is such reasonable certainty that damages may not be based merely upon speculation and conjecture[.]" *Macan v. Scandinavia Belting Co.*, 264 Pa. 384, 393, 107 A. 750 (1919).

We will set-off the amounts awarded under the debtor's complaint and Kubicek's counterclaim and enter judgment in favor of the debtor in the amount of $9,962.04.