**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff-Appellant, Cross-Appellee,**

v.

**FIRST CITIZENS BANK OF BILLINGS, Defendant-Appellee, Cross-Appellant.**

Nos. 84–3529, 84–3544.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 1985.

Decided April 16, 1985.

Vincent Blackwood, Warren Bo Duplinsky, E.E.O.C., Washington, D.C., for plaintiff-appellant, cross-appellee.

Carey E. Matovich, Billings, Mont., for defendant-appellee, cross-appellant.

Before KILKENNY, GOODWIN, and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

The Equal Employment Opportunity Commission ("EEOC") brought this action against First Citizens Bank of Billings ("First Citizens") to redress employment discrimination violations. The district court found that First Citizens violated the Equal Pay Act, 29 U.S.C. § 206(d), when it compensated men at higher wages than women working in the same positions. On appeal, the EEOC contests the district court's amended order reducing the original backpay award. First Citizens cross-appeals, challenging (1) the EEOC's jurisdictional authority; (2) the district court's determination that the bank violated the Equal Pay Act; and (3) the award of liquidated damages.

## 1. EEOC's Enforcement Power.

The Secretary of Labor was originally empowered to bring civil actions on behalf of employees who suffered employment discrimination in contravention of the Equal Pay Act. 29 U.S.C. § 216(c). President Carter, by virtue of authority delegated to him under the Reorganization Act of 1977, 5 U.S.C. § 901–12, transferred the Secretary of Labor's jurisdiction to the EEOC. Reorganization Plan No. 1 of 1978, 92 Stat. 3781, reprinted in 1978 U.S.Code Cong. & Ad.News 9795–9800.

The Reorganization Act of 1977, however, contained a one-house legislative veto provision, a provision which was later declared unconstitutional. *INS v. Chadha*, 462 U.S. 919, 103 S.Ct. 2764, 2768, 77 L.Ed.2d 317 (1983). First Citizens claims that any reorganization plan, including the plan which transferred authority to the EEOC, was therefore ineffective. First Citizens argues that only the Department of Labor is vested with authority to enforce Equal Pay Act violations.

■ This issue was rendered moot when Congress enacted Public Law 98–532, which ratified and affirmed as law each

reorganization plan, including Plan No. 1 transferring authority to the EEOC. Pub.L. 98–532, 98 Stat. 2705 (1984). The EEOC not only has authority to bring future Equal Pay Act action, but has retroactive authority as well on any previous action it has brought. *EEOC v. CBS,* 748 F.2d 124, 125 (2d Cir.1984); *Barrett v. Suffolk Transportation Services,* 600 F.Supp. 81, 82 (E.D.N.Y.1984); *see also Swayne & Hoyt, Ltd. v. United States,* 300 U.S. 297, 301–02, 57 S.Ct. 478, 479–80, 81 L.Ed. 659 (1937) (Congress may by enactment ratify acts which it might have authorized).

**2. Violations of the Equal Pay Act.**

 The Equal Pay Act forbids wage discrimination based on sex. 29 U.S.C. § 206(d)(1). Once the EEOC offers sufficient evidence showing substantial equality in jobs and a disparity in wages, the burden of persuasion shifts to the employer to show that the disparity is the result of one of the four statutory exceptions: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1); *EEOC v. Maricopa County Community College District,* 736 F.2d 510, 513 (9th Cir.1984).

 First Citizens conceded that a wage disparity existed between male and female tellers, proof operators, and installment loan officers. The burden thus shifted to First Citizens. First Citizens relies on the fourth exception, which allows for differentials based on factors other than sex. We review the district court's determination that First Citizens violated the Equal Pay Act under a clearly erroneous standard. *Hein v. Oregon College of Education,* 718 F.2d 910, 913 (9th Cir.1983).

**A. Tellers**

Joe Link was originally hired as a laborer on October 4, 1978 to help move the bank to a new location. Link, who had no previous banking experience or relevant education, began performing teller duties on December 1, 1978 at $650 per month. Evi-

dence disclosed that women in the same job classification as Link with two to five years' experience earned $575 to $580 per month. The most experienced woman, Janet Helphingstine, who had worked nearly eight years, earned $600 per month, $50 less than Link.

 First Citizens justifies this salary disparity on the basis that Link was a management trainee. The Equal Pay Act permits discrepancies in pay resulting from the existence of a bona fide training program. 29 C.F.R. § 800.148 (1984); *Schultz v. First Victoria National Bank,* 420 F.2d 648, 653 (5th Cir.1969). But the program must be more than an afterthought and certain features common to training programs must exist. Elements indicative of a legitimate program include: (1) employees are hired with the knowledge that they are trainees; (2) a training manual exists; (3) rotation follows a schedule instead of depending upon personnel needs; (4) trainees receive formal instruction from the management; (5) the training program is open to both sexes; and (6) advancement to higher positions is constant and frequent. *See Hodgson v. Behrens Drug Co.,* 475 F.2d 1041, 1045 (5th Cir.), *cert. denied,* 414 U.S. 822, 94 S.Ct. 121, 38 L.Ed.2d 55 (1973) (the *Hodgson* court found that, even though the training program contained these elements, the program was in violation of the Act because it was coterminus with a stereotyped province called man's work).

 Joe Link was the first and only employee in First Citizens' "trainee program." No formal program or manual existed, nor had any management personnel conducted training sessions with Link. Furthermore, there was no vacancy awaiting Link on completion of the program. While Link was frequently rotated between various teller positions, other tellers also held numerous positions. There is little evidence to support First Citizens' claim that Link was a management trainee. The district court correctly ruled that the disparity in

wages between Link and the female tellers violated the Equal Pay Act.

### B. Proof Operators

■ First Citizens claims that Ed Nelson received higher pay than the female proof operators because of his greater experience in proof work. Experience is a legitimate factor under the fourth exception. *EEOC v. Aetna Insurance Co.*, 616 F.2d 719, 725 (4th Cir.1980). Testimony indicated, however, that experience was not the primary consideration in hiring a proof operator. The main qualities necessary for the job are speed and accuracy. The female operators who were paid less than Ed Nelson were both faster and more accurate than he was. This caused the district court to conclude that experience as a factor in hiring proof operators was not neutrally applied. The district court correctly ruled that Nelson's experience did not exempt First Citizens from paying proof operators equal wages.

### C. Installment Loan Officers

■ Nick Krumenacher was hired in September 1976 as an installment loan lender at the salary of $850 per month. He was promoted to installment loan officer and given a raise to $900 per month in January 1977. This was his salary when he was fired in July 1977. Patricia Eik, after serving three years as an installment loan secretary, was promoted to installment loan officer in January 1979. Her salary was then $800 per month.

First Citizens claims that there was no salary difference between Krumenacher and Eik. In July 1979, First Citizens gave Eik a retroactive raise that matched Eik's salary to that of Krumenacher's. This occurred after the investigation of First Citizens' salary policy began. Clearly, the retroactive raise cannot conceal the disparity in starting salary between Krumenacher and Eik.

First Citizens alternatively claims that any difference in salary was the result of Krumenacher's education, a factor other than sex. But, Krumenacher's college degree is only marginally related to the job of installment loan officer. As the district court pointed out, "the defendant has failed to offer any evidence to explain why Krumenacher's four years of college education entitled him to a higher salary as an installment loan officer than Eik who had completed one and one-half years of college, together with three years' experience as secretary of the Installment Loan Department." The district court properly found a violation of the Equal Pay Act with regard to the installment loan officer position.

In each job category First Citizens failed to carry its burden in showing that the wage discrepancies fit within the catchall exception to the Equal Pay Act. The district court was not clearly erroneous in finding a violation of the Equal Pay Act.

### 3. Backpay Award.

■ The EEOC argues that the district court erred in amending its backpay award by reducing the recovery from $75,007.34 to $13,118.88. The district court restricted recovery under section 255(a) of the Equal Pay Act, 29 U.S.C. § 255(a), to a period in which a male was actually hired. The interpretation of the statutory authorization of damages is a question of law that is freely reviewable on appeal. *See United States for use of Morgan & Son v. Timberland Paving*, 745 F.2d 595, 599 (9th Cir. 1984).

■ Under the Equal Pay Act, a prevailing employee may recover actual damages if the case is brought within two years of the date the violation took place. 29 U.S.C. § 255(a). If the court determines that the violation was willful, damages may be assessed three years back. Willful means the employer knew, or should have known, that there was an appreciable possibility that the employees involved were covered by the Act. *Marshall v. Union Pacific Motor Freight Co.*, 650 F.2d 1085, 1092 (9th Cir.1981).

The EEOC filed its complaint against First Citizens on April 2, 1980. The district court, after finding the violation willful, originally computed backpay damages from

April 2, 1977. The court subsequently amended its order to limit the actionable wrong to the period after Joe Link began his employment, December 1, 1978. The recovery for the proof operators was similarly limited to the period after Ed Nelson was hired, March 26, 1979. This limitation significantly reduced the amounts of damages to which some employees were entitled. It also eliminated recovery for other employees who had left work before the men were hired, and who had received lower salaries than their male successors.

 We conclude that the district court erred. The Equal Pay Act does not require that jobs being compared be performed simultaneously; it also encompasses situations where an employee of one sex is hired for a particular job to replace an employee of the opposite sex. *See Sinclair v. Automobile Club of Oklahoma, Inc.*, 733 F.2d 726, 729 (10th Cir.1984); *Peltier v. City of Fargo*, 533 F.2d 374, 377 (8th Cir.1976); *Pearce v. Wichita County*, 590 F.2d 128, 133 (5th Cir.1979); see also 29 C.F.R. § 800.114(c) (allowing successorship comparisons). Violations may be proved by comparing the woman's salary to that of her male successor. *E.g., Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1137 (5th Cir. 1983); *Clymore v. Far-Mar-Co., Inc.*, 709 F.2d 499, 503 (8th Cir.1983); *Di Salvo v. Chamber of Commerce*, 416 F.Supp. 844, 853 (W.D.Mo.1976), *aff'd* 568 F.2d 593 (8th Cir.1978). Backpay would be awarded for the period prior to the male's hiring. See *Taylor v. Philips Industries, Inc.*, 593 F.2d 783, 786 (7th Cir.1979) (in Title VII action, plaintiff entitled to backpay because her male successors paid more for substantially same work).

In *EEOC v. Hay Associates*, 545 F.Supp. 1064, 1083 (E.D.Pa.1982), the district court found that the content of the woman's work after February 1, 1977 was substantially the same as the content of a newly hired man who started work on April 1, 1977. The court recognized that the Equal Pay Act applied to such successively held jobs. *Id.* at 1083, n. 21. Similarly, in *Di Salvo*, 416 F.Supp. at 854, the court award-

ed damages where a woman established that her male successor was paid $3,800 per year more for the same work. The court stated:

> The evidence that plaintiff's male successor, who performed the same duties, was paid a higher salary than plaintiff is sufficient to prove discrimination in compensation because of sex.

*Id.* at 853. The court ruled that the fact that the two were not employed at the same time was immaterial because Title VII construed in light of the Equal Pay Act encompasses situations where an employee of one sex is hired for a particular job to replace an employee of the opposite sex. *Id.* at 852.

The district court here relied on *Usery v. Johnson*, 436 F.Supp. 35, 44 (D.N.D.1977), to limit recovery to the time after the men commenced employment. The *Usery* decision, however, is not binding on us. Additionally, the Eighth Circuit has decided that it is appropriate to use male successors as a basis of comparison in an equal pay action. *See Clymore*, 709 F.2d at 504; *Strecker v. Grand Forks County Social Service Board*, 640 F.2d 96, 100 (8th Cir. 1980) (dictum).

 The Equal Pay Act is broadly remedial and should be applied to fulfill the congressional goal of equal pay for equal work. *Corning Glass Works v. Brennan*, 417 U.S. 188, 208, 94 S.Ct. 2223, 2234, 41 L.Ed.2d 1 (1974). It would thwart the purposes of the Act to limit recovery only to the period after the hiring of Link and Nelson. The language of the Act does not support such a limitation. Section 206(d) should apply not only to jobs held concurrently, but also to where an employee is hired to replace an employee of the opposite sex. *See* 29 C.F.R. 800.114(c). The district court erred in limiting damages to the time after the men were hired.

**4. Award of Liquidated Damages.**

 The district court's decision to award liquidated damages is reviewed for an abuse of discretion. 29 U.S.C. § 260; *Donovan v. Crisostomo*, 689 F.2d 869, 872

n. 5 (9th Cir.1982). Liquidated damages are compensatory, not punitive in nature. *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir.1982). They compensate employees for losses they might suffer by reason of not receiving their lawful wages. *Id.*

 The district court awarded liquidated damages in accordance with 29 U.S.C. § 216(b). Section 216(b) reads:

> Any employer who violates the provisions of section 206 or section 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid ... wages ... and an additional equal amount as liquidated damages.

While section 216(b) is mandatory, it is modified by section 260. That section states in pertinent part:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938 ... the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this Title.

29 U.S.C. § 260. An employer has the burden of showing that the violation of the Equal Pay Act was in good faith and that the employer had reasonable grounds for believing that no violation took place. *Sinclair*, 733 F.2d at 730. Absent such a showing, liquidated damages are mandatory. *Brunner*, 668 F.2d at 753.

Good faith is an honest intention to ascertain what the Equal Pay Act requires and to act in accordance with it. *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 464 (D.C.Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). First Citizens' evidence of good faith is limited to bald assertions that the officers thought that they were in compliance with the Act. The evidence put forward by First Citizens to show good faith is insufficient to warrant a claim of abuse of discretion.

## CONCLUSION

EEOC had enforcement authority to bring this action. First Citizens' salary policies were properly found to be in violation of the Equal Pay Act. The court erred in limiting damages to the period after the men were hired. Finally, the court's decision to award liquidated damages was not an abuse of discretion. The court's original order of $75,007.34 will be reinstated.

The judgment of the district court is AFFIRMED with the above modification and the case REMANDED to that court for entry of judgment in the stated amount. Citizens shall bear all costs of appeal.