**In re George Henry WATSON and Patricia Eileen Watson, Debtors.**

**George Henry WATSON and Patricia Eileen Watson, Plaintiffs/Appellees,**

**v.**

**CITY NATIONAL BANK, a national banking association, James P. Del Guercio, Barbara Faye Stein, Defendants/Appellants.**

Bankruptcy No. LA 83–19815 RM.

BAP No. CC 86–2075 MeMoV.

Adv. No. LA 86–2816 RM.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted May 20, 1987.

Decided Sept. 9, 1987.

Diane Wemple Baxa, Law Offices of James P. Del Guercio, Beverly Hills, Cal., for defendants/appellants.

Mark T. Young, Mayer & Glassman Law Corp., Los Angeles, Cal., for plaintiffs/appellees.

Before MEYERS, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

This is an appeal from the entry of a preliminary injunction entered by the trial court preventing the appellants from executing upon a bankruptcy court judgment of nondischargeability they received pursuant to 11 U.S.C. Section 523. The trial court held that appellants were precluded from pursuing their claims without first seeking relief from the automatic stay imposed by Section 362. We reverse.

## FACTS

The Watsons, debtors herein, sought relief under Chapter 11, 11 U.S.C. 1101 *et seq.*, in October 1983. Due to a lack of compliance with the reporting requirements of the U.S. Trustee and the local rules, the case was converted on March 14, 1984 to a Chapter 7. Pursuant to a "order and notice of hearing" issued by the clerk of the bankruptcy court on June 1, 1984, all objections to discharge and all complaints

had to be filed no later than September 1, 1984.

City National Bank, ("CNB"), appellant herein, brought a timely action pursuant to Section 523 seeking an judgment of nondischargeability. The debtors, after filing an answer to the complaint, failed to comply with the trial court's order concerning pretrial discovery and settlement discussions. CNB moved to strike the debtors' answer for their failure to comply with the court order. The debtors did not respond and the trial court granted the motion. In the judgment on the complaint, which was entered on October 11, 1984 as a result of the stricken answer, the court indicated that the judgment was "non-dischargeable in this or any subsequent proceeding."

CNB obtained a writ of execution from the court and proceeded to levy upon a bank account held by the debtors. Subsequently a second levy was issued and executed on other funds in an account held by the debtors. There is no dispute that the amounts levied upon were post-petition funds. The debtors then filed a complaint seeking the imposition of an injunction preventing further execution of the judgment and for return of the levied funds. The trial court issued an injunction, finding that the actions taken by CNB were in violation of the automatic stay provisions of Section 362. In addition, all of the the funds levied upon were ordered to be turned over to the debtors. CNB timely appealed.

## ISSUE PRESENTED

Is a creditor of the debtor, having obtained a judgment of non-dischargeability pursuant to 11 U.S.C. Section 523 from the bankruptcy court, required to seek relief from the automatic stay prior to execution on the judgment?

## STANDARD OF REVIEW

The grant or denial of an injunction is reviewed for an abuse of discretion. *See*

*S.E.C. v. Carter Hawley Hale Stores, Inc.*, 760 F.2d 945, 947 (9th Cir.1985). Application of an incorrect legal standard is an abuse of discretion. *Id.* In making this determination, issues pertaining to the interpretation of statutes are reviewed *de novo. See e.g. E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d 397, 401 (9th Cir.1985).

## DISCUSSION

In the present case, the trial court enjoined the actions of CNB on the sole basis that such conduct was in violation of the automatic stay provisions contained in Section 362. The relevant language of that section provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced *before* the commencement of the case under this title;

\* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose *before* the commencement of the case under this title.

11 U.S.C. section 362 (emphasis supplied).[1]

On its face, the foregoing language can be read to stay "any act to collect" a pre-bankruptcy claim. However, it is recognized that a creditor may proceed with an action to hold its debt non-dischargeable in the bankruptcy court without violation of the automatic stay provisions of Section 362. *See e.g. American Spinning Mills, Inc.*, 43 B.R. 365, 367 (Bankr.E.D.Penn. 1984). Upon the successful completion of that action by the creditor, the question presented herein is whether it is able to

---

**1.** There is no dispute that the property levied upon by CNB was not within the definition of property of the estate as defined by Section 541. The automatic stay contained in Section 362, as set forth in subsection (a)(1) and (6), remains effective until the earliest of—(A) the case is closed; (B) the time the case is dismissed; or (C) if the case is one under chapter 7 involving an individual, the time a discharge is granted or denied. *See* Section 362(c).

execute on the non-dischargeable judgment or must it wait until the closing or dismissal of the case or the general discharge of the debtor.[2] The language and intent of the Bankruptcy Code, as presently drafted, indicates that the creditor may pursue its non-dischargeable judgment, albeit only upon property not within the bankruptcy estate, such as property acquired after bankruptcy. 11 U.S.C. section 521.

■ We begin with the language of Section 523(a), which provides that "[a] discharge under section 727 * * * does not discharge an individual debtor from any debt—...." A creditor bringing a successful action under Section 523(a), such as CNB, thereby precludes a discharge of the debt owed by the individual debtor to the respective creditor. Therefore, as to a creditor holding a judgment of non-dischargeability, the general discharge provided to the debtor under Section 727(a) is ineffective. *See* Section 727(b). Accordingly, a requirement that this creditor be forced to wait until entry of the 727(a) discharge is unsound.

If the non-dischargeable judgment is not subject to execution until the closing or dismissal of the case or a 727(a) discharge, *see* Section 362(c), the debtor is given the opportunity to delay and/or hinder the creditor from executing upon post-petition property, which is not property of the bankruptcy estate, for no valid reason. *See In re Newnum,* 2 B.R. 500, 501 (Bankr. Ariz.1980).

In addition, a review of other types of claims that are not subject to the automatic stay reveals a similar conclusion. For example, Section 523(a)(5) excepts from discharge claims for alimony and child support. Section 362(b)(2) precludes application of the automatic stay to such claims made against property which is not property of the bankruptcy estate. In the legislative discussions leading to the enactment of this provision, the following statement was made:

> The automatic stay is one means of protecting the debtor's discharge. Alimony, maintenance and support obligations are excepted from discharge. Staying collection of them, when not to the detriment of other creditors (because the collection effort is against property that is not property of the estate), does not further that goal.

House Report No. 95–595, 95 Cong., 1st Sess. 342–43 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6299. This Panel finds the same reasoning persuasive in the instant appeal.

■ The purpose of the automatic stay is to give the debtor a breathing spell from his creditors and relieve him of the financial pressures that drove him to bankruptcy. *Id.* Upon the filing of the petition, CNB was precluded from pursuing its claim against the debtor except through those avenues provided under the provisions of the Bankruptcy Code. During the time it took to obtain its judgment of non-dischargeability, the debtors enjoyed the benefit of the automatic stay. Upon such a judgment, the debt owed to the creditor is excepted from discharge. The trial court held that the debt is non-dischargeable in any subsequent proceedings as well. The debtors have failed to set forth any valid reasons why CNB should not be entitled to pursue the execution of its judgment

---

**2.** A review of the briefs herein and the relevant authorities reveals a lack of authority on the issue before us. Appellant has cited *In re Vaughn,* 462 F.Supp. 1052, 1055 (N.D.Tex.1978), which was decided prior to the creation of the present Bankruptcy Code. In dictum, the court indicated that under prior Bankruptcy Rule 401(a), the predecessor to the current 11 U.S.C. Section 362, "non-dischargeable debts * * * are not stayed." *Id.* CNB argues that although Section 362 did not adopt the precise language of prior Rule 401(a), the substance of the law has not changed. The debtors contend that Congress clearly indicated its intent by deleting the language regarding the effect of the automatic stay upon judgments of non-dischargeability contained in Rule 401(a) from Section 362. Nevertheless, reading the Bankruptcy Code as a whole, actions such as adversary proceedings and contested matters are not only anticipated, they are mandated for creditors to prevent discharge of their claims. *See e.g.* Section 523(c) (allowing discharge unless creditor acts); *In re American Spinning Mills, Inc.,* 43 B.R. 365, 367 (Bankr.E.D.Penn.1984) ("the stay implicitly does not bar a party from commencing an adversary or contested proceeding against the debtor ...").

against property which is not property of the estate. There is a lack of logic in allowing a creditor release from a discharge only to hold him in place as if he were still affected by the discharge or the prospect thereof. Therefore, this Panel concludes that the automatic stay provisions of Section 362 do not preclude the execution of a judgment, which has been held by the bankruptcy court to be non-dischargeable, upon property of the debtor which is not property of the estate.[3]

The order of the trial court is hereby reversed and this matter is remanded for further proceedings consistent with this opinion. In light of the above disposition, this Panel need not reach the other matters raised by the appellant.

MEYERS, Bankruptcy Judge, dissenting:

I respectfully DISSENT.

The Bankruptcy Code ("Code") has as one of its key provisions an injunction known as the automatic stay. The automatic stay provision of Section 362(a) of the Code is one of the fundamental protections provided to a debtor. *Matter of M. Frenville Co., Inc.,* 744 F.2d 332, 334 (3d Cir. 1984). With the filing of a bankruptcy petition the automatic stay provides the debtor with a broad temporary injunction against most actions by creditors. *In re Bialac,* 712 F.2d 426, 431 (9th Cir.1983); *In re Aldrich,* 34 B.R. 776, 779 (9th Cir. BAP 1983). Under Section 362(a)(6) the automatic stay restrains actions to recover postpetition funds of Chapter 7 debtors to satisfy prepetition debts. *Matter of Hellums,* 772 F.2d 379, 381 (7th Cir.1985).

The automatic stay is not all encompassing, for Section 362(b) contains a list of

exemptions from the stay. *Matter of M. Frenville Co., Inc., supra,* 744 F.2d at 335. Further, the automatic stay is dissolved upon the earliest of the closing of the case, the dismissal of the case or at the time a discharge is granted or denied. 11 U.S.C. § 362(c); *Browning v. Navarro,* 743 F.2d 1069, 1083 (5th Cir.1984). Then, if a discharge is granted, the automatic stay is replaced by the permanent injunction of Section 524, which does not enjoin actions of creditors who have successfully invoked Section 523 by receiving a judgment declaring their debts to be nondischargeable. *See In re Aldrich, supra,* 34 B.R. at 779.

These injunctive provisions form a comprehensive scheme to protect the debtor and estate assets from precipitous creditor actions which might frustrate the purposes of the bankruptcy proceedings. If a creditor perceives that continued imposition of the automatic stay as to its actions would work a hardship and result in an inequity, it may seek relief from the stay in the bankruptcy court. 11 U.SC. § 362(d); *In re Arnold,* 806 F.2d 937, 939 (9th Cir.1986). Motions for relief are handled expeditiously with the burden of proof generally being on the party opposing relief. 11 U.S.C. § 362(e) and (g). Such relief can even be obtained on an *ex parte* basis in appropriate circumstances under Section 362(f). *See In re American Mariner Industries, Inc.,* 734 F.2d 426, 433 (9th Cir.1984). Thus, these injunctive provisions serve to forward the goals of the Code and yet provide for the necessary procedures to ensure that no creditor is unduly burdened by the unnecessary continuation of the automatic stay.

**3.** The dissent argues that this decision creates an exception to the automatic stay provisions of Section 362, and expresses concern that this decision "will encourage other parties to resort to self-help on the false hope that the equities of their situation will be thought enough to likewise carve out yet another exemption to the dictates of Section 362(a)." This decision makes no such "exception" to Section 362. Rather, once the bankruptcy court has determined a judgment is non-dischargeable, the judgment holder may execute upon property of the debtor which is *not property of the estate.*

Under these circumstances, Section 362 simply does not apply.

We also note that Section 105 provides the trial court with authority to enter a stay in actions not covered by the automatic stay provisions of Section 362. It may be, given proper circumstances, that actions by creditors holding judgments determined to be non-dischargeable, may be within the court's injunctive authority, but no showing has been indicated here warranting consideration of such extraordinary relief.

The problem encountered in this case is that the automatic stay has unnecessarily remained in place far too long. This is a direct result of an apparent failure of the Bankruptcy Court for the Central District of California to perform the duty mandated by Bankruptcy Rule 4004(c). That rule requires that the discharge be granted "forthwith" upon expiration of the time fixed for filing a complaint objecting to discharge unless a complaint objecting thereto has been filed. *In re Lane,* 37 B.R. 410, 412 (E.Va.1984) ("First opportunity offered").

Here the deadline for filing complaints objecting to granting the debtor a discharge expired on September 1, 1984, without any such complaints being filed. Shortly thereafter the Appellant, City National Bank ("Bank"), received a default judgment against the Debtor declaring that $30,360.33 owed to the Bank be excepted from the discharge pursuant to Section 523. This judgment was entered on October 11, 1984, with the Bank seeking to satisfy it by executing on the Debtor's postpetition assets on two occasions in 1986. These actions have been called into question by the fact that as late as the date of oral argument on his appeal, the automatic stay still remained in place as the discharge had still not been granted. At no time has the Bank filed a proper motion to seek relief from the automatic stay.

The scenario we face in evaluating this appeal is that the Debtors have been able to take unfair advantage of the failure of the bankruptcy court to perform the ministerial function of granting the discharge. There appears to be no reason to further delay the discharge and thereby implement the permanent injunction of Section 524, which would allow the Bank to proceed. This situation makes it very tempting to carve out another exception to the coverage of the automatic stay as expressed in Section 362(a). Towards this end the majority finds, after recognizing that on its face Section 362(a) would appear to bar any postpetition actions by creditors, that creditors holding bankruptcy court judgments declaring debts to be nondischargeable are not so restrained.[1]

I recognize that technically even the filing of a complaint seeking relief under Sections 523 or 727 of the Code also appears to run afoul of the precise restrictions of Section 362(a). Yet, the requirement calling for the setting of bar dates pursuant to Bankruptcy Rules 4004(a) and 4007(c) does inherently support the conclusion that such complaints may be filed in the bankruptcy court even without having received relief from the automatic stay. *See In re American Spinning Mills, Inc.,* 43 B.R. 365, 367 (E.Pa.1984). However, to broaden this exception to also include the right to execute on the Debtor's postpetition assets does not appear to be dictated by the Code or the Rules.[2] The Code has a well crafted program restraining creditor actions, with certain expressed exceptions, which provides for dissolving the restraint on collection efforts on Section 523 judgments upon the grant or denial of the discharge or upon specific order of the bankruptcy court.

The *carte blanche* that the majority would grant to holders of Section 523 judgments would apprarently have universal application. This is of concern since we cannot envision the various situations to which this might be applied to the detriment of the goals of the Code. I fear that the majority decision will encourage other parties to resort to self-help on the false hope that the equities of their situation will be thought enough to likewise carve out yet another exemption to the dictates of Section 362(a). This will do little to protect the integrity of the stay provisions of the Code. The complications that this decision

1. The majority grants this redress to the Bank even where it has made no effort to take advantage of the relief provisions of Section 362(d).

2. I note that the majority finds reference to certain legislative history in support of Section 362(b)(2), which specifically allows actions against the debtor to collect family support obligations, to be persuasive reasoning in support of the exclusion they find in this case. Such statements made in support of provisions actually enacted appear to be of little value in determining to create yet another exception—one never specified by Congress.

might create seems a poor substitute to the obvious course of requiring creditors who desire to proceed to such satisfaction of their judgment, such as the Bank here, to petition for relief from stay. I would affirm the trial court's grant of an injunction and allow the trial court proceedings on this complaint to run the course.