BERZON, Circuit Judge,
dissenting:
I respectfully dissent.
In my view, the opinion upon which this case hinged, Watson v. City National Bank (In Re Watson), 78 B.R. 232(9th Cir.BAP1987) (“Watson I”), was wrongly decided by the Bankruptcy Appellate Panel.
Watson I held that creditors who obtain judgments of nondischargeability may pursue “their claims without first seeking relief from the automatic stay imposed by Section 362.” Id. at 232. That conclusion, in my view, cannot be squared with the statutory materials.
Section 362 of the Bankruptcy Code provides in sweeping terms that “[ejxcept as provided in subsection (b) of this section,” a petition in bankruptcy operates as a stay “applicable to all entities.” 11 U.S.C. § 362(a). A wide variety of actions to enforce debts of the bankruptcy petitioner are subject to the automatic stay, including, as here pertinent: “[A]ny act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title” and “any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case under this title'.” 11 U.S.C. §§ 362(a)(5) and (6). There then follows in Section 362(b) a list of types of actions against the debtor which are not automatically stayed. Claims that have been declared nondischargeable by a bankruptcy court are not among the eighteen kinds of listed actions to which the automatic stay does not apply.
Section 362(c), in turn, specifies with similar particularity when the automatic stay imposed by Section 362(a) ordinarily terminates, providing that:
(1) the stay of an act against property of the estate ... continues until such prop *1122 erty is no longer property of the estate; and
(2) the stay of an any other act ... continues until the earliest of—
(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.
11 U.S.C. § 362(c).
Finally, Sections 362(d) and 362(e) allow for relief from the stay upon application if, among other reasons, the property against which the creditor seeks to enforce a debt “is not necessary to an effective reorganization,” and provide that the stay shall be automatically terminated if an application is made and the court does not act on the request within 30 days. 11 U.S.C. §§ 362(d) and (e).
Section 523 addresses the circumstances under which a debt is nondischargeable under the Bankruptcy Code. Section 523 also provides no exception for nondischargeable debts from the automatic stay.
The fair inference from this statutory vacuum is that a debt that is nondischargeable is not exempt from the automatic stay. Instead, the impact of a judgment that a debt is nondischargeable occurs when one would expect — at the time it would otherwise be discharged. At that point, the automatic stay terminates. 11 U.S.C. § 362(c)(2). There is simply no basis in the language or structure of the statute for improvising a different scheme than the one that was enacted.
Watson I tried creatively to fill this void maintaining that “a review of other types of claims that are not subject to the automatic stay” supports its conclusion. Id. at 234. I find, to the contrary, that this review supports the opposite conclusion. Watson I noted that “Section 523(a)(5) excepts from discharge claims for alimony and child support,” while “Section 362(b)(2) precludes application of the automatic stay to such claims made against property which is not property of the bankruptcy estate.” Id. at 234. Watson I then goes on to quote legislative history indicating that “[ajlimony, maintenance and child support obligations” should be excepted from the automatic stay because they are excepted from discharge, id., and “find[s] the same reasoning persuasive in the instant appeal.” Id. The problem with this reasoning, of course, is that the exception from the automatic stay for alimony and child support claims that are nondischargeable appears in the statute, while a more general exception does not. See 11 U.S.C. § 362(b)(2). The inference that Congress intended to imply a broad exception by enacting a narrow one makes little sense. The much more sensible inference is that Congress enacted a narrow exception because otherwise the automatic stay would have been applicable to alimony and child support, and intended nothing more far-reaching.
In his dissent in Watson I, Bankruptcy Judge Meyers concluded:
The carte blanche that the majority would grant to holders of Section 523 judgments would apparently have universal application. This is of concern since we cannot envision the various situations to which this might be applied to the detriment of the goals of the Code. I fear that the majority decision will encourage other parties to resort to self-help on the false hope that the equities of their situation will be thought enough to likewise carve out yet another exemption to the dictates of Section 362(a). This will do little to protect the integrity of the stay provisions of the Code. The complications that this decision might create seems a poor substitute to the obvious course of requiring creditors who desire to proceed to such satisfac *1123 tion of their judgment .... to petition for relief from stay.
78 B.R. at 236-37.
I fully concur in that judgment. Indeed, this case represents precisely such an incremental extension of Watson, with a concomitant further undermining of the automatic stay, that Judge Meyers feared.
Here, the abstract of the judgment, as the Bankruptcy Appellate Panel recognized, “created a cloud on title to Spyglass, a cloud which may have interfered somewhat with efforts to sell the property, had the trustee sought to do so.” In re Cady, 266 B.R. 172, 182-83 (9th Cir. BAP2001). To account for the possibility that abuses of the kind Judge Meyers feared could proliferate, the Bankruptcy Appellate Panel in this case added:
Where, however, there is evidence that a creditor recorded an abstract of judgment with the intent to delay or otherwise interfere with a trustee’s efforts to sell estate property, or a creditor uses a recorded abstract to interfere with the administration of estate assets, such conduct will rise to the level of an automatic stay violation.
Id. at 183. The effect of this ruling is to introduce into the application of the automatic stay a vague standard likely to generate litigation, and thereby cost, to both bankruptcy estates and to creditors. It seems to me a far superior rule, as well as the only one consistent with the statute, to require that holders of nondischargeable judgments who desire to proceed to enforce the debt in a way that would otherwise interfere with the automatic stay affirmatively seek a modification of the stay.
For the foregoing reasons, I respectfully dissent.