NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  EVANDER FRANK KANE, | No.    22-16253 |
| Debtor, | D.C. No. 3:21-cv-03493-WHO |
| _____ | |
| SOUTH RIVER CAPITAL, LLC, | MEMORANDUM* |
| Plaintiff-Appellant, | |
| v. | |
| EVANDER FRANK KANE, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted November 13, 2023**
San Jose, California

Before:  GRABER, PAEZ, and FRIEDLAND, Circuit Judges.

Evander Kane filed for bankruptcy under Chapter 7, and several creditors

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

including South River Capital, LLC ("South River") moved to convert the proceeding from a case under Chapter 7 to a case under Chapter 11.[1] The bankruptcy court denied the motion, the district court affirmed that decision, and South River appealed. We affirm.[2]

Section 706(b) provides that a bankruptcy court may convert a Chapter 7 case to a Chapter 11 case at any time. 11 U.S.C. § 706(b). Congress left "[t]he decision whether to convert" a case under § 706(b) to "the sound discretion of the court, based on what will most inure to the benefit of all parties in interest." H.R. Rep. No. 95-595, at 380 (1977); S. Rep. No. 95-989, at 94 (1978) (same); *cf. Pioneer Liquidating Corp. v. U.S. Tr. (In re Consol. Pioneer Mortg. Entities)*, 264 F.3d 803, 806–07 (9th Cir. 2001) (reviewing for abuse of discretion a decision to convert a bankruptcy case to a Chapter 7 case). A bankruptcy court abuses its discretion if it applies the wrong legal standard or if "its application of the correct

---

[1] Notably, the creditor with the largest claim opposed the motion.

[2] Kane argues that this appeal is equitably moot. The doctrine of equitable mootness allows courts to refrain from considering an appeal of a bankruptcy court's decision when granting relief in response to that appeal would require unwinding transactions that are "so complex or difficult to unwind" that it would be inequitable to do so. *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1215 (9th Cir. 2014) (quoting *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012)). Here, because we do not believe relief is warranted even when all of South River's arguments are considered, we need not engage in an equitable mootness analysis. *See Grasslawn Lodging, LLC v. Transwest Resort Props., Inc. (In re Transwest Resort Props., Inc.)*, 801 F.3d 1161, 1167–68 (9th Cir. 2015).

legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *USAA Fed. Sav. Bank v. Thacker* (*In re Taylor*), 599 F.3d 880, 887–88 (9th Cir. 2010).

South River first argues that the bankruptcy court erred by considering Kane's interest in his post-petition income because that interest runs contrary to the goals and policies of the Bankruptcy Code. But Chapter 7 explicitly allows debtors to keep their post-petition income to *further* the goals of the Bankruptcy Code. Chapter 7 "allows a debtor to make a clean break from his financial past, but at a steep price: prompt liquidation of the debtor's assets." *Harris v. Viegelahn*, 575 U.S. 510, 513 (2015). In exchange for that "steep price," the debtor's post-petition earnings are shielded from creditors, enabling the debtor "to make the 'fresh start' the Bankruptcy Code aims to facilitate." *Id.* at 518 (quoting *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007)). It was therefore not an abuse of discretion to consider Kane's interest in his post-petition earnings when deciding whether to convert the case.

South River also argues that the revisions to the Bankruptcy Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") reflect an "expectation that a debtor will pay a portion of disposable income to creditors." But BAPCPA's relevant revisions to Chapter 7 apply only to debtors with primarily consumer debts, and South River conceded that Kane did not fall

into that category. Because the relevant provisions of BAPCPA did not apply to Kane, there was no need for the bankruptcy court to address them.

South River next argues that the bankruptcy court's analysis included two legal errors. First, in analyzing whether a Chapter 11 plan was likely to be confirmed if the court converted the case, the bankruptcy court noted that certain creditors asserted an interest in Kane's future income, and the court opined that the existence of that claimed interest could imperil confirmation of a Chapter 11 plan. South River argues that the bankruptcy court erred by considering that asserted interest because the Bankruptcy Appellate Panel ("BAP") has held that such an interest is invalid.[3] South River has not explained why Kane's creditors—including South River itself—asserted an interest in Kane's future income if that assertion was obviously foreclosed by precedent. Given the creditors' continued assertion of that interest (even in the face of the BAP's decision), and the fact that the interest had not yet been litigated, it was not illogical to consider the interest when deciding whether a plan would be confirmed.

South River next argues that the bankruptcy court erred in analyzing whether potentially non-dischargeable claims could frustrate efforts to confirm a Chapter 11 plan. It is unclear whether the bankruptcy court's statements about creditors

---

[3] The bankruptcy court acknowledged the relevant BAP decision in a footnote, but it said it would not determine the validity of the interest in the order on the motion to convert.

4

with non-dischargeable claims accurately reflected how an automatic stay would operate, but any error was harmless. *See, e.g.*, *Watson v. City Nat'l Bank* (*In re Watson*), 78 B.R. 232, 235 (B.A.P. 9th Cir. 1987) (holding that "the automatic stay provisions of [§] 362 do not preclude the execution of a judgment, which has been held by the bankruptcy court to be non-dischargeable, upon property of the debtor which is not property of the estate"). The bankruptcy court's primary point was that creditors with non-dischargeable claims could frustrate efforts to confirm a plan because their interests would diverge from the interests of other creditors, and that point is neither implausible, nor illogical regardless of how the automatic stay would operate.

Finally, the bankruptcy court did not abuse its discretion in considering the remaining factors, including uncertainty surrounding Kane's future income, the possibility that creditors would object to a Chapter 11 plan, and the administrative costs of a Chapter 11 plan. South River has offered reasons why the bankruptcy court could legitimately have granted the motion to convert, but South River has not shown that it was an abuse of discretion to deny the motion.

**AFFIRMED.**