In re WASHINGTON MANUFACTURING COMPANY; Washington Industries, Inc. and KSA, Inc., Debtors.

CITICORP NORTH AMERICA, INC., Plaintiff,

v.

Timothy F. FINLEY, Trustee, Defendant.

Timothy F. FINLEY, Trustee, Plaintiff,

v.

Van E. HILL, et al. (including Citicorp North America, Inc.), Defendants.

Timothy F. FINLEY, Trustee, Plaintiff,

v.

CITICORP NORTH AMERICA, INC., Defendant.

Bankruptcy Nos. 388–01467, 388–01468 and 388–01469.

Adv. Nos. 390–0069A, 390–0073A and 390–0116A.

United States Bankruptcy Court, M.D. Tennessee, Nashville Division.

Sept. 5, 1990.

James A. Cherney, Richard A. Levy, Latham & Watkins, Chicago, Ill., Bradley A. MacLean, Farris, Warfield & Kanaday, Nashville, Tenn., for CitiCorp North America, Inc.

Craig V. Gabbert, Jr., Glenn B. Rose, Karin Lee Waterman, Harwell, Martin & Stegall, Nashville, Tenn., for trustee.

Russell H. Hippe, Jr., Trabue, Sturdivant & DeWitt, Nashville, Tenn., for Creditors' Committee.

Barbara Holmes, Asst. U.S. Trustee, Nashville, Tenn.

MEMORANDUM OPINION AND
ORDER ON MOTIONS TO
DISMISS AND/OR STAY

WILLIAM H. BROWN, Bankruptcy
Judge, sitting by designation.

On February 27, 1990, Citicorp North America, Inc. (CNA) filed its complaint against the Trustee in these three jointly administered Chapter 11 cases, which complaint seeks a declaratory judgment pursuant to Bankruptcy Rule 7001(9) that CNA's secured claims against the debtors be allowed, that interest and expenses be allowed, and that the Court declare "that each of CNA's secured claims is secured by first priority, perfected, enforceable and non-avoidable pre-petition liens and post-petition liens as set forth in the applicable Proof of Secured Claim and Cash Collateral Orders." (CNA's complaint, p. 21).

The Trustee filed a motion to dismiss CNA's adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) (made applicable by Bankruptcy Rule 7012) for failure to state a claim upon which relief can be granted and additionally for failure to obtain relief from the automatic stay to file the declaratory judgment complaint. In the alternative, the Trustee moved the Court to stay all proceedings in the declaratory judgment action pending resolution of the adversary proceedings filed by the Trustee against CNA and other defendants in adversary proceeding number 390–0073A and against CNA in adversary proceeding number 390–0116A.

The Trustee filed its seventy-two page complaint against ninety-five defendants, including CNA, adversary proceeding number 390–0073A, on February 28, 1990, one day after CNA's declaratory judgment complaint, and in that large adversary proceeding, multiple allegations and counts are stated, but among other things the complaint seeks to avoid as fraudulent conveyances or to declare void all security interests granted to CNA plus to recover damages from CNA. The complaint is generally referred to as a leveraged buyout complaint (LBO). At this point, the Trustee has apparently not yet received service against all named defendants in the LBO complaint, and a further pre-trial conference is set for November 7, 1990.

In response to the Trustee's LBO complaint, CNA filed its motion to dismiss or in the alternative to stay, and CNA asserts that its first-filed complaint renders the Trustee's complaint one which states, as to CNA, compulsory counterclaims "which must be pleaded and litigated in the first-filed Citicorp action pursuant to Bankruptcy Rule 7013(a)." (CNA's motion, p. 3) In the alternative to dismissal of the complaint, CNA seeks a stay of all proceedings in the LBO adversary proceeding pending the disposition of CNA's declaratory judgment action.

The Trustee filed its complaint in proceeding number 390–0116A against CNA on March 17, 1990, seeking to avoid a preference for an alleged improvement in position in the amount of $1,000,000.00. To this complaint, CNA filed its motion to dismiss or in the alternative to stay the action, asserting the same positions as stated in CNA's motion filed in proceeding number 390–0073A.

ISSUES

Therefore, the issues before the Court for decision are: (1) whether CNA's declaratory judgment action, being the first-filed adversary proceeding, should proceed in priority to the other two adversary proceedings; (2) whether the Trustee's motion to dismiss and/or stay the declaratory judgment complaint has merit; (3) whether the Trustee's allegations as to CNA in adversary proceeding numbers 390–0073A and 390–0116A are compulsory counterclaims in nature and must therefore be pleaded in the declaratory judgment action number 390–0069A; (4) whether, in the event the adversary proceedings filed by the Trustee against CNA are not dismissed as being improperly filed compulsory counterclaims, CNA's requested relief for a stay of those actions pending resolution of the declaratory judgment action should be granted; and (5) whether the complaints may be consolidated as to the Trustee and CNA.

The resolution of these issues are a part of the core proceedings before the Court. 28 U.S.C. § 157(b)(2)(B), (F), (H) and (K). This memorandum opinion contains findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## DISCUSSION OF PARTIES' POSITIONS

The Trustee takes the position that the Bankruptcy Code and Rules do not authorize a creditor to file an adversary proceeding seeking a declaratory judgment that its claim be allowed. The Trustee refers to § 502 of the Code for general authority that a hearing will be held to determine the allowance of a claim only after an objection has been filed to that claim, and in this case no formal objection to CNA's claim has been filed. Further, the Trustee asserts that CNA should have sought relief from the automatic stay of § 362(a) before it filed its adversary proceeding seeking a declaratory judgment. Generally, the Trustee asserts that such a procedure as that initiated by CNA would frustrate the Trustee's "right to conduct business and administer the estate without interference from creditors." (Trustee's Memorandum, p. 2)

The Trustee also asserts that the declaratory judgment action is not yet ripe and that the resolution of the adversary proceedings filed by the Trustee against CNA may result in CNA being either unsecured or undersecured. Further, the Trustee asserts that no valuation of CNA's claim may be made under § 506 until it has been determined that CNA is in fact a properly secured creditor.

Further, the Trustee asserts that CNA's complaint was filed in anticipation of the adversary proceeding which it knew would be filed by the Trustee and in hopes of gaining a procedural advantage.

Not surprisingly, CNA takes an opposite position, asserting that it had the right to file its declaratory judgment complaint without seeking relief from the stay and that the complaint was merely a culmination of CNA's efforts to get the Trustee to proceed to a hearing on the allowance of CNA's claim. CNA asserts that Rule 7001(2) and (9) permit such a complaint as that filed by CNA, that § 502 does not preclude its complaint, that the issues raised are ripe for judicial determination, and that its first-filed complaint is entitled to priority. Moreover, CNA argues that the Trustee's fraudulent conveyance and preference complaints against CNA are compulsory counterclaims which must be litigated as a part of CNA's first-filed complaint.

Both parties make policy arguments for their positions, including arguments concerning judicial economy. Resolution of the issues presented is complicated by the facts that the Trustee's LBO complaint names ninety-four other defendants and that in the LBO complaint the Trustee demands a jury trial.[1] The Court has not yet been asked to make a determination as to whether the Trustee has a right to a jury trial. The Court has also received a memorandum, responded to by the Trustee, which was filed by counsel for fifty of the LBO defendants, supporting CNA's motion to stay the LBO proceeding until resolution of CNA's complaint, which memorandum asserts policy arguments in favor of a stay.

## BANKRUPTCY RULE 7001

The Trustee asserts that a declaratory judgment action of this nature is not authorized by the Rules. Bankruptcy Rule 7001(9) provides that an adversary proceeding, as governed by Part VII of the Rules, includes a proceeding "to obtain a declaratory judgment relating to any of the foregoing," referring to subsections (1) through (8) of Rule 7001. The Trustee asserts that none of the foregoing subparagraphs authorizes adversary proceedings to determine the allowance of claims and that an objection under Rule 3007 is the

1. See, In re G. Weeks Securities, Inc., 89 B.R. 697 (Bankr.W.D.Tenn.1988) (this Court, sitting in Memphis, holding that bankruptcy courts lack statutory or inherent authority to conduct jury trials); accord, In re United Missouri Bank, 901 F.2d 1449 (8th Cir.1990); In re Kaiser Steel Corp., 911 F.2d 380 (10th Cir.1990); contra, In re Ben Cooper, Inc., 896 F.2d 1394 (2d Cir.1990), cert. granted, — U.S. —, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990).

sole method for such a determination. However, Rule 7001(2) does include as an adversary proceeding one "to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)."[2] Referring to the Advisory Committee Note to Bankruptcy Rule 7001, the Trustee points out that the 1983 Note provides that "[f]iling of proofs of claim and the allowances thereof are governed by Rules 3001–3005, and objections to claims are governed by Rule 3007." Advisory Committee Note (1983) to Rule 7001, as reported in NORTON BANKRUPTCY RULES PAMPHLET 1989–1990 Edition, p. 357. However, the Committee Note goes on to provide that "[w]hen an objection to a claim is joined with a demand for relief of the kind specified in this Rule 7001, the matter becomes an adversary proceeding. See Rule 3007."[3] *Id.*

It is correct, as asserted by the Trustee, that CNA's complaint for declaratory judgment relief was filed prior to any written objection being filed by a party in interest to CNA's proofs of claim. CNA's proofs of claim have been filed since March 30, 1988. It is apparently generally true that a case trustee may object to a proof of claim at any time before the case is closed, assuming that the court has not set a prior bar date for objections. *See, e.g., In re Ford Motor Co. v. Transport Indemnity Co.,* 45 B.R. 843, 845 (E.D.Mich.1984); *In re Werth,* 29 B.R. 220, 222 (Bankr.D.Col. 1983) ("An objection to a claim may be made at any point in the bankruptcy proceeding, and the right to object is only limited by the doctrine of laches.") One of the issues which arose prior to these adversary proceedings was whether this Court could set a bar date for objections to CNA's proof of claim, and the Trustee,

supported by the Unsecured Creditors' Committee (Committee) took the position that there was no authority for the Court to set such a bar date. The Court has not been required to rule upon its authority to set a bar date for objections; however, the Court has concluded that such authority does exist. Objections to claims and other claims matters are contested matters governed by Bankruptcy Rule 9014, which provides, in part, that "relief should be requested by motion." *See also,* Advisory Committee Note (1983) to Rule 9014, as reported in NORTON BANKRUPTCY RULES PAMPHLET 1989–1990 Edition, pp. 813–14. The objection process does not specifically or inherently preclude a creditor from filing a motion to set an objection bar date. *See, e.g., In re Orosco,* 77 B.R. 246, 250 (Bankr.N.D.Cal.1987). A creditor's motion or complaint to allow its claim may amount to the same thing. *See, e.g., In re Mikart, Inc.,* 9 B.R. 144, 146 (Bankr. N.D.Ga.1981); *In re Larkham,* 27 B.R. 859 (Bankr.D.Vt.1983). The Court does not suggest that a creditor's motion to set a bar date or to allow its claim would always be appropriate; rather, a court would evaluate such motions in the light of all facts and circumstances in a specific case. Where, as here, the creditor has been attempting for over one year to obtain some action on its claim, a motion to set a bar date may be appropriate. However, that is now a moot issue due to the pleadings currently before the Court.

In fact, CNA's declaratory judgment complaint must be viewed in the context of CNA's efforts to obtain some judicial determination of the allowance of its claim. On June 30, 1989, CNA filed a Motion to Allow Its Secured Claims as of June 1, 1989 (Claims Allowance Motion),

---

**2.** One authority states that Rule 7001(2)'s language "extent of a lien" "may be misleading." A determination of "the property itself on which the lien is assertedly fixed," requires an adversary proceeding; whereas, valuation of the property subject to a lien is a contested matter under § 506(a) and Rule 3012. 9 King, COLLIER ON BANKRUPTCY ¶ 7001.05[1] at pp. 7001–13 (15th Ed.1990).

**3. Rule 3007. Objections to Claims.** An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

and the Trustee and Committee objected to the propriety of this motion. There was apparent agreement, at one point, to utilize the Claims Allowance Motion for the purpose of adjudicating the amount of CNA's claims, including the amount and method of calculation of professional fees and various expenses. Discovery was attempted but never completed due to disputes over the discovery substance and procedure. The Committee sought, through a motion filed in May, 1989, to amend the cash collateral orders in effect on the basis that CNA's secured claims were less than the amounts claimed by CNA and that CNA had been provisionally paid a sufficient amount to satisfy its secured claims, if they were ultimately allowed. This motion was later withdrawn. Generally, CNA has been thwarted in its efforts to obtain an evidentiary hearing on any aspect of its Claims Allowance Motion. As a result, and after an in-court status conference with counsel, CNA elected to file its adversary proceeding.

Under the particular history and circumstances of this Chapter 11 case, the Court can find no compelling reason that dictates dismissal of CNA's complaint. This is a Chapter 11 case which has been pending since March 1, 1988. The Trustee was appointed March 18, 1988, and has been operating under numerous cash collateral orders consented to by CNA and the Trustee. No disclosure statement or plan have yet been filed by anyone, and the Trustee has been liquidating the estate. The assets have been substantially liquidated, except for avoidance litigation, which was largely initiated by the Trustee just before the statute of limitations imposed by 11 U.S.C. § 546(a)(1) expired. Throughout this case, the existence of CNA's asserted secured claims has been known to all parties. CNA is the largest creditor. CNA and the Trustee have generally cooperated until the filing of the present complaints. CNA and the Committee have not enjoyed a cooperative spirit, and the Committee has made its views well known in opposition to CNA's positions on the issues raised in CNA's Claims Allowance Motion and CNA's declaratory judgment complaint. In short,

CNA has been attempting for over one year to get a determination on the allowance of its claims without success.

Recognizing that the Trustee is not statutorily compelled, under 11 U.S.C. § 546(a)(1), to sue CNA for avoidance causes of action at any earlier point in time, the Court now construes the Trustee's LBO and preference complaints to be objections to CNA's claims. In the LBO complaint, the Trustee seeks an avoidance or voiding of any security interests granted to CNA and a recovery of all proceeds paid to CNA from liquidation of the security. Under Bankruptcy Rule 3007, an objection must be in writing, filed with the court, but no particular form is prescribed. Clearly, the Rule contemplates that an objection may be joined in or converted into an adversary proceeding, and the Court will order that the Trustee's complaints, as may be amended, will be treated, in part, as objections to CNA's proofs of claim. Therefore, there no longer exists a need to set a bar date for objections to CNA's claims. The Court also construes CNA's Claims Allowance Motion to have been merged into its declaratory judgment adversary proceeding.

### SECTION 502

The Trustee argues that a declaratory judgment action is "inconsistent with the framework established in section 502 of the Code for dealing with claims allowance." (Trustee's Memorandum, p. 4) Under the particular facts of this case, the Court disagrees. It is true that § 502(a) provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

Section 502 simply does not address whether a creditor may file a declaratory judgment proceeding to have its claim allowed. *See, e.g., Zweygardt v. Colorado National Bank,* 51 B.R. 214, 216 (D.Col.1985) ("Congress could also easily have provided that the filing of a proof of claim shall be the sole method of asserting and establishing claims against the bankruptcy estate. Con-

gress did not so provide.") Moreover, the Court having found that the Trustee has now objected to CNA's claims, arguments concerning § 502 are also meaningless.

### RULE 7013

■ The Trustee also points to Bankruptcy Rule 7013 as support for its argument that a creditor's claim is not to be resolved in an adversary proceeding setting. This Rule provides as follows:

**Rule 7013. Counterclaim and Cross–Claim.**

Rule 13 F.R.Civ.P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief. A trustee or debtor in possession who fails to plead a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, may by leave of court amend the pleading, or commence a new adversary proceeding or separate action.

The Trustee interprets this Rule to "obviously [be] in recognition of the fact that a creditor's claims are not to be resolved in an adversary proceeding." (Trustee's Memorandum, p. 5, n. 2) The Trustee's interpretation ignores Bankruptcy Rule 3007's recognition that a claim's objection may become an adversary proceeding. Again, this argument is rendered moot by the Trustee's adversary proceedings filed against CNA.

### AUTOMATIC STAY

■ As to violation of the automatic stay, the Trustee asserts that CNA was required to first obtain relief from the automatic stay prior to initiating its declaratory judgment litigation and that failing to obtain such relief renders CNA's pleading void. For authority, the Trustee refers to *In re Lessig Construction, Inc.,* 67 B.R. 436 (Bankr.E.D.Penn.1986); however, *Lessig* involved an adversary proceeding by the debtor against a contractor, wherein the contractor counterclaimed without obtaining relief from the automatic stay.

The Trustee also relies upon *In re Vylene Enterprises, Inc.,* 63 B.R. 900 (Bankr.C.D. Cal.1986), wherein that Court concluded that "an adversary proceeding against a debtor seeking an injunction, brought in the court where the bankruptcy case is pending, is not subject to the automatic stay;" however, that Court also observed that "[n]ot all adversary proceedings that can be brought against a debtor under Rule 7001 are exempt from the automatic stay." 63 B.R. at 906–907. This Court agrees with Judge Steiner's conclusion that "while the broad language of § 362(a) generally bars all actions against the debtor and or property of the estate, the automatic stay implicitly does not bar a party from commencing an adversary or contested proceeding against the debtor in the court where the petition is pending." *In re American Sports Innovations,* 105 B.R. 614, 617 (Bankr.W.D.Wash.1989), citing *In re American Spinning Mills, Inc.,* 43 B.R. 365 (Bankr.E.D.Penn.1984); *In re Watson,* 78 B.R. 232 (9th Cir. BAP 1987); *contra, Matter of Coastal Group, Inc.,* 100 B.R. 177 (Bankr.D.Del.1989) (prepetition breach of contract claim filed as adversary proceeding could not be prosecuted without relief from the stay). Taken to its extreme, the Trustee's argument would require the filing of a motion for relief from the stay, with its attendant $60.00 filing fee, before any creditor could seek any relief or remedy including, for example, dischargeability determinations in the home bankruptcy court where the case is pending. This Court believes that the home court is quite capable of controlling excesses which might arise from the filing of adversary proceedings against the debtor. For example, as the *American Spinning Mills* Court observed: "If the continued prosecution of disputed matters in bankruptcy court proves to be unreasonably burdensome to the debtor, he may apply to the court to deny the proceedings or bar them under 11 U.S.C. § 105(a)." 43 B.R. at 367.

In this specific case, CNA has been receiving and conditionally applying the proceeds from its claimed collateral, all under

the terms of the existing cash collateral orders. Those orders preserved the Trustee's right to attack the validity, extent, priority and amount of CNA's claims and liens. This is not a case, therefore, where the debtor's fresh start or reorganization is being frustrated by a creditor's efforts to collect a prepetition debt. Rather, this is a liquidating case wherein all parties have always been cognizant that the validity, extent, priority and amount of CNA's claims and liens were ultimate issues to be faced. If CNA's liens are upheld, there may be no significant distribution to unsecured creditors. Under these facts and circumstances, it is incredible for the Trustee to argue that CNA's adversary proceeding is void as a violation of the stay. The Court is going to cut through the rhetoric in order to reach the merits which must be decided.

## POLICY ARGUMENT

■ The Trustee makes a policy argument that a creditor should not be given the option of initiating claims allowance or lien validity litigation in place of the objection to claims process. This argument is primarily based upon the need to protect the Trustee from interference by creditors with the debtor-in-possession's or the trustee's administration of the estate. The Trustee cites 3 KING, COLLIER ON BANKRUPTCY, ¶ 502.01[3] at pp. 502–16 (15th Ed.1990) for the proposition that "inasmuch as a claim is deemed allowed, the creditor holding such claim can hardly be prejudiced if the Trustee does not take prompt action to object to the claim."

This policy argument, however, ignores the fact that the Court must look at these proceedings in the context of this one case, and the Court notes that CNA filed its declaratory judgment adversary proceeding only after CNA had been unsuccessful for several months in getting an evidentiary hearing on its motion to allow its claims. This is particularly interesting in light of one of the Trustee's arguments in his memorandum that to the extent that CNA's complaint seeks a declaration of rights under the cash collateral orders entered in these Chapter 11 cases, the appropriate

procedure for CNA is by motion under Rule 9014 rather than by an adversary proceeding. The policy arguments form a circle, at the core of which is the ultimate issue now posed in the Trustee's complaints: Are CNA's liens avoidable in whole or in part? The Trustee has had two years in which to evaluate CNA's claims. Now that the Trustee is in fact objecting to CNA's claims by seeking to avoid CNA's liens, it is meaningless to spend the attorneys' and court's time with procedural posturing. It is implausible to contend that, at this stage of the case, the Trustee's administration of the estate is being frustrated by CNA's actions.

## RIPENESS

■ As to the ripeness of CNA's complaint, the Trustee argues that under 28 U.S.C. § 2201 the Court should not exercise jurisdiction if the controversy is not yet ripe or if the declaratory judgment action is brought merely to gain a procedural advantage. *See, e.g., In re Allied Artists Pictures Corp.,* 71 B.R. 445, 448 (S.D.N.Y. 1987) ("A declaratory judgment may be rendered only to resolve some *actual* controversy.") In this regard, the Trustee asserts that if the Trustee wins his pending suits against CNA, then CNA will be an unsecured creditor and as such will not be entitled to fees and interest on its claims under § 506, and that no determination of the reasonableness and amount of interest, fees and expenses will be ripe until there has been a determination about the validity of CNA's liens, which are attacked in the Trustee's two adversary proceedings. The Trustee also asserts that CNA has not yet properly moved for a valuation of its collateral under Bankruptcy Rule 3012. There is not yet, according to the Trustee, a purpose for valuation, as required by § 506(a); thus, CNA's complaint is premature as to valuation. The Trustee may be correct in that some issues may not need to be addressed immediately; however, the core of CNA's declaratory judgment action, as further addressed by the Trustee's complaints, is whether CNA's liens are valid, and if so to what extent. The basic issues are ripe

and do present an actual controversy. The Court concludes that a consolidation of the issues raised as to CNA in the three adversary proceedings is proper, and the Court may then determine which sub-issues are more appropriately tried first. Bankruptcy Rule 7042.

### COMPULSORY COUNTERCLAIMS

■ The Trustee argues that it should not be required to pursue its fraudulent conveyance and preference actions against CNA in the form of a counterclaim because this may require the estate to suffer increased expenses of litigating aspects of the LBO proceeding twice. There is no need for such a concern since the Court can consolidate adversary proceedings for trial, just as the Court may conduct separate trials to the extent required by the facts and law. Bankruptcy Rule 7042.

■ The Court, having concluded that under all of the facts and circumstances of this case, CNA's declaratory judgment proceeding was not improperly filed, the question is presented whether the Trustee's complaints against CNA are in fact compulsory counterclaims. Chief Judge Wiseman of this District has recently provided guidance in this area. *Sanders v. First National Bank in Great Bend*, 114 B.R. 507 (M.D.Tenn.1990). Bankruptcy Rule 7013, with some amendments previously quoted, adopts Federal Rule Civil Procedure 13, which provides, in part:

> **Rule 13. Counterclaim and Cross–Claim.**
>
> **(a) Compulsory Counterclaims.**
>
> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attach-

ment or other process by which the court did not acquire jurisdiction to render a personal judgment of that claim, and the pleader is not stating any counterclaim under this Rule 13.

As Judge Wiseman observed, to be governed by this rule,

> the counterclaim must arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. The prevailing test, and that adopted in this circuit, for determining whether a claim arises out of the same transaction or occurrence is the "logical relationship" test. *E.g., Maddox v. Kentucky Finance Co., Inc.*, 736 F.2d 380, 382 (6th Cir.1984).

*Sanders*, 114 B.R. at 512.

Judge Wiseman went on to refer to the Third Circuit's "classic definition" of "what constitutes a 'logical relationship:' "

> The phrase "logical relationship" is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim when separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issue, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3rd Cir.1961).

*Sanders*, 114 B.R. at 512–513.

"Rule 13 prevents an unnecessary multiplicity of litigation, and promotes the prompt resolution of all disputes involving common matters." *In re Aerni*, 86 B.R. 203, 206 (Bankr.D.Neb.1988). It appears obvious to this Court that the three adversary proceedings, as they relate to CNA, are "offshoots of the same basic controversy between the parties." *Great Lakes Rubber Corp.*, 286 F.2d at 634. Therefore, this Court concludes that the Trustee's two

complaints allege what would constitute compulsory counterclaims to CNA's declaratory judgment complaint. However, that does not mandate dismissal of the Trustee's complaints. Bankruptcy Rule 7013 amends Federal Rule Civil Procedure 13(a) by this provision: "A Trustee or debtor in possession who fails to plead a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, may by leave of court amend the pleading, or commence a new adversary proceeding or separate action." This Court finds that it would be wasteful to require the Trustee to dismiss his LBO complaint, filed one day after the CNA complaint, simply to then file it, along with ninety-four third party defendant actions, as a compulsory counterclaim. It is much more efficient to have the three adversary proceedings consolidated under Bankruptcy Rule 7042 and the Court will so order. The Court may then, after further pretrial conferences, determine whether separate trials are necessary or advisable on certain issues of facts or law. In ordering a consolidation, the Court is mindful that the burdens of proof will not be altered.

FROM THE FOREGOING, IT IS THEREFORE ORDERED THAT:

1. The Trustee's motion to dismiss or stay CNA's adversary proceeding No. 390–0069A is denied.

2. CNA's motions to dismiss or stay the Trustee's adversary proceedings No. 390–0073A and 390–0116A are denied.

3. The Trustees' two adversary proceedings constitute, in part, objections to CNA's claims.

4. The three adversary proceedings are consolidated under Bankruptcy Rule 7042, and the parties shall, within thirty (30) days from this order, file responsive pleadings.

5. The Court reserves for later determination, after further pretrial conferences, the question of whether some issues arising between CNA and the Trustee or some of the other ninety-five defendants in the LBO complaint will be severed for trial under Bankruptcy Rule 7042.

6. The Court will conduct a pretrial conference as to CNA and the Trustee, on October 3, 1990, in Nashville, Tennessee, with the time to be set and noticed by the Clerk of this Court, at which conference the Court will expect the parties to be prepared to discuss scheduling of discovery, disposition of any remaining motions to be filed (including any motions concerning the Trustee's right to jury trial), severance of issues which may be unique to CNA and the Trustee, and trial scheduling of those issues which may be litigated in this Court.

SO ORDERED.