In re **WASHINGTON MANUFACTURING COMPANY, et al., Debtors.**

**CITICORP NORTH AMERICA, INC., Plaintiff,**

v.

**Timothy F. FINLEY, Trustee.**

**Nos. 388–01467 to 388–01469.**
**Adv. Nos. 390–0069A, 390–0073A and 390–0016A.**

United States Bankruptcy Court, Middle District of Tennessee, Nashville Division.

May 21, 1991.

James A. Cherney, Richard A. Levy, Latham & Watkins, Chicago, Ill., for Citicorp North America, Inc.

Barbara D. Holmes, Nashville, Tenn., for U.S. Trustee's Office.

Russell H. Hippe, Jr., Trabue, Strudivant & DeWitt, Nashville, Tenn., for Creditors' Committee.

Craig V. Gabbert, Jr., Glenn B. Rose, Karin Lee Waterman, Harwell, Martin & Stegall, Nashville, Tenn., for Chapter 11 Trustee.

Bradley A. MacLean, Farris, Warfield & Kanaday, Nashville, Tenn., for Citicorp North America, Inc.

MEMORANDUM OPINION AND ORDER ON CITICORP'S MOTIONS FOR SEPARATE TRIAL AND TO STRIKE TRUSTEE'S JURY DEMAND AND ON UNSECURED CREDITORS' COMMITTEE'S MOTION TO VALUE SECURED CLAIM ASSERTED BY CITICORP AND ON STAY OF PROCEEDINGS

WILLIAM H. BROWN, Bankruptcy Judge, Sitting by Designation.

On September 5, 1990, this Court issued a memorandum opinion and order in the above numbered adversary proceedings, to which opinion reference is made for background information and history relevant to the issues presently before the Court. *In re Washington Manufacturing Company, et al.*, 118 B.R. 555 (Bankr.M.D.Tenn.1990). Subsequent to that opinion, the Court has continued to conduct scheduling and status conferences in these adversary proceedings, and settlement conferences have been conducted. Pending before the Court are motions filed by Citicorp North America,

Inc. ("CNA") and by the unsecured creditors' committee, which motions raise issues which are basic to the procedural direction that these adversary proceedings will take. One of CNA's motions attacks the Chapter 11 Trustee's right to jury trial, demanded by the Trustee in adversary proceeding 390–0073A, which has been referred to as a fraudulent conveyance and leveraged buy-out complaint.[1] 118 B.R. at 557. In addition, CNA has moved for a separate trial in the bankruptcy court of all issues relating to the allowance of CNA's claims in these jointly administered estates. Finally, the creditors' committee, as a part of its declared goal of filing a plan in these cases, has moved to value the asserted secured claims of CNA, pursuant to Bankruptcy Rule 3012. The Court has chosen to consolidate these motions for decision, for reasons which will be apparent in this opinion. The issues presented in the three motions have been briefed and orally argued by the parties, and the following contains findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. The issues presented are part of core proceedings before this Court. 28 U.S.C. § 157(b)(2)(B), (F), (H), and (K).

## HISTORY OF PROCEEDINGS

As stated, reference is made to the Court's earlier opinion, 118 B.R. 555, for a more complete history of these three adversary proceedings. The conclusions reached in that opinion are a logical beginning point for the present discussion. The Court construed the Trustee's fraudulent conveyance and preference complaints filed against CNA to be objections to CNA's secured claims, which have been filed since March 30, 1988. 118 B.R. at 559–560. The validity, extent, priority and amount of CNA's claimed secured status has been the crux of the dispute between CNA, the Trustee, and the creditors' committee. 118 B.R. at 562. The Court concluded that "the three adversary proceedings, as they relate to CNA, are 'offshoots of the same basic controversy between the parties.'" 118 B.R.

at 563, *quoting Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3rd Cir.1961). The Court consolidated the three adversary proceedings under Bankruptcy Rule 7042 but also reserved the question of "whether separate trials are necessary or advisable on certain issues of facts or law." 118 B.R. at 564.

## WITHDRAWAL OF REFERENCE

■ After CNA filed its two motions discussed herein, the Trustee moved, pursuant to 28 U.S.C. § 157(d), to withdraw the reference with respect to these adversary proceedings. This motion is based upon the Trustee's jury demand and the Trustee's position that the bankruptcy court lacks the necessary authority to conduct jury trials. *See, e.g., In re Kaiser Steel Corporation*, 911 F.2d 380 (10th Cir. 1990); *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir. 1990); *In re G. Weeks Securities, Inc.*, 89 B.R. 697 (Bankr.W.D.Tenn.1988); *contra, In re Ben Cooper, Inc.*, 896 F.2d 1394 (2d Cir.1990), *vacated* and *remanded*, —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated*, 924 F.2d 36 (2d Cir.1991), *cert. denied*, —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991); *see generally*, Sabino, "Jury Trials, Bankruptcy Judges, and Article III: The Constitutional Crisis of the Bankruptcy Court," 21 SETON HALL L.R. 248 (1991).

The withdrawal of reference motion is pending before the District Court for the Middle District of Tennessee. *See* Bankruptcy Rule 5011(a). Until a decision is made by that Court, the mere filing of a motion for withdrawal does not "stay the administration of the case or any proceeding therein," unless the bankruptcy judge determines it to be necessary or proper. Bankruptcy Rule 5011(c). No motion for a stay of these proceedings, pending a possible withdrawal, is presently before this Court. *Id.* The "bankruptcy court is an appropriate tribunal for determining whether there is a right to a trial by jury of

---

**1.** The Trustee alleges that the three debtors were acquired in a complex leveraged buyout only eighteen months before the voluntary Chapter 11 petitions were filed on March 1, 1988. Trustee's Memorandum in Opposition to Strike Jury Demand, p. 2.

issues for which a jury trial is demanded." *American Universal Insurance Co. v. Pugh*, 821 F.2d 1352, 1355 (9th Cir.1987). This is so even if the bankruptcy court, after determining that a jury right exists, can not ultimately preside over the trial of the jury issues. *See, e.g., In re G. Weeks Securities, Inc.*, 89 B.R. at 712–13. This Court has determined that the circumstances of the case require that the consolidated adversary proceedings continue to move toward resolution. The allowance or disallowance of CNA's claims is critical to the entire case administration. Therefore, the Court will not stay the consolidated adversary proceedings pending the decision of the United States District Court on the withdrawal of reference.

### MOTION TO STRIKE TRUSTEE'S JURY DEMAND

■ The issue presently before this Court is not whether the bankruptcy court can or should conduct a jury trial in these proceedings. The threshold question presented in this motion is whether this Chapter 11 Trustee, as plaintiff in a fraudulent conveyance action, is entitled to a jury trial as a matter of right. By virtue of this Court's consolidation order, at 118 B.R. 555, the Trustee's fraudulent conveyance complaint became a counterclaim to CNA's declaratory judgment complaint. As previously stated, the counterclaim amounts to an objection to the allowance of CNA's filed proofs of claim. Referring to the leveraged buyout financing, the Trustee, for example, stated that "[b]ecause the debtors never benefitted from the proceeds of the CNA financing, the Trustee seeks to set aside CNA's security interest in the debtors' assets as a fraudulent conveyance." Trustee's Memorandum In Opposition to Striking Jury Demand, p. 2.

The Court having ruled in its earlier opinion that the Trustee's counterclaims are objections to CNA's proofs of claims, those counterclaims are an integral part of the claims allowance process in the bankruptcy estates. The mere fact that claims allowance is being conducted in the form of adversary proceedings rather than by motion does not change that conclusion. As the Court has previously noted "[w]hen an objection to a claim is joined with a demand for relief of the kind specified in this Rule 7001, the matter becomes an adversary proceeding. See Rule 3007." 118 B.R. at 559, *quoting* Advisory Committee Note (1983) to Rule 7001, as reported in NORTON BANKRUPTCY RULES PAMPHLET 1989–1990 Edition, p. 357.

An analysis of whether this Chapter 11 Trustee, in the factual context found in this case, is entitled to a jury trial may begin with *Katchen v. Landy*, 382 U.S. 323, 337, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966), where the Court stated that "there is no Seventh Amendment right to a jury trial for determination of objections to claims." The Supreme Court did not alter that holding in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26, (1989), where the Court held that defendants to a fraudulent conveyance action, who had not previously filed claims against the bankruptcy estate, had a Seventh Amendment right to jury trial, if demanded. The *Granfinanciera* Court observed that the *Katchen* "decision turned on the bankruptcy court's having 'actual or constructive possession' of the bankruptcy estate, 382 U.S., at 327, 86 S.Ct., at 471, and its power and obligation to consider objections by the trustee in deciding whether to allow claims against the estate." 492 U.S. at 57, 109 S.Ct. at 2798 (citations omitted). The Court additionally has stated in *Granfinanciera* that "when the same issue [of fraudulent conveyance or preference] arises as part of the process of allowance or disallowance of claims, it is triable in equity." 492 U.S. at 58, 109 S.Ct. at 2799, *quoting Katchen v. Landy*, 382 U.S. at 336, 86 S.Ct. at 476. More recently, the Court held in *Langenkamp v. Culp*, —— U.S. ——, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990), *reh. den.*, —— U.S. ——, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991), that *Granfinanciera* had clearly established that the filing of a claim by a creditor triggered the claims allowance process, thereby subjecting the creditor to the equitable jurisdiction of the bankruptcy court. *See also, e.g., In re Light Foundry Associ-*

ates, 112 B.R. 134 (Bankr.E.D.Pa.1990); *In re Friedberg,* 106 B.R. 50 (Bankr.S.D.N.Y. 1989), *app. granted,* 119 B.R. 433 (S.D.N.Y. 1990).

There is no question then if CNA had demanded a jury trial, it would have waived that right by its earlier filing of claims against these jointly administered estates. However, the somewhat unique scenario presented here is that the counter-defendant CNA did not demand a jury trial.[2] Rather, the Trustee alone demanded a jury trial and only in the fraudulent conveyance suit. The decision on whether the Trustee may demand and obtain a jury trial can not turn simply on the fact that CNA has waived its right to jury trial. In other words, CNA can not waive another party's right to jury trial. Rather, it is the fact that the Trustee's fraudulent conveyance counterclaim is in reality an objection to the allowance of CNA's secured claims which strips the Trustee of a jury right. The Trustee's counterclaim is a part of the claims allowance process which is within this Court's equity power. *Katchen v. Landy; Granfinanciera v. Nordberg, supra.* The focus of the Supreme Court is on the nature of the action before the court and whether the action is a part of the claims allowance and debtor-creditor restructuring process. *Langenkamp v. Culp,* — U.S. at —, 111 S.Ct. at 331. As one bankruptcy court in this Circuit recently held, in a similar scenario where a Chapter 7 trustee demanded a jury trial in a fraudulent conveyance action filed in a case wherein the defendant had filed a claim against the estate:

> Potentially the amount of a creditor's claim in the bankruptcy estate can be offset, reduced or eliminated, if a fraudulent conveyance claim against that same creditor is successful. The fraudulent conveyance claim thus became inextricably intertwined with the claims allowance process and it is apparently that reality which makes the constitutional difference.

Dery v. National Bank of Detroit, N.A. (In re B & E Sales Co., Inc.), 129 B.R. 133, 137, Chapter 7 case (Bankr.E.D.Mich.1990). That Court denied the trustee's jury demand.

■ The mere fact that preclusion may attach to some of the issues tried in the equitable claims allowance process is not violative of a Seventh Amendment right which may exist as to the Trustee's actions against third party defendants. *Katchen v. Landy,* 382 U.S. at 333–34, 86 S.Ct. at 475–476; *see also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 335, 99 S.Ct. 645, 653, 58 L.Ed.2d 552 (1979); *Benjamin v. Traffic Executive Ass'n Eastern Railroads,* 869 F.2d 107, 114 (2d Cir.1989).

The Court does not need to address the interesting question of whether a bankruptcy trustee is ever entitled to a jury trial as a matter of right. For example, some courts have addressed in dicta or held that the debtor or debtor in possession may have waived the right to jury trial by "voluntarily subject[ing] himself to the equitable powers of the bankruptcy court." *In re Edwards,* 104 B.R. 890, 893 (Bankr.E. D.Tenn.1989); *In re Lion Country Safari, Inc. California,* 124 B.R. 566, 572 (Bankr. C.D.Cal.1991) (The Court "look[ed] first to whether the debtor voluntarily submitted itself to the equitable jurisdiction of this court as the creditor did in *Langenkamp.*"). This concept of voluntary submission to the bankruptcy court's equitable jurisdiction could arguably be extended to a case trustee who, in this case, was appointed by the Court prior to the institution of the U.S. Trustee in this district. However, the Court will not decide that issue, it being unnecessary.

The Court also does not address at this point whether the Trustee is entitled to a jury trial as to the fraudulent conveyance complaint against defendants other than CNA. That issue is not presently before this Court and the Court's severance for trial of the CNA issues renders a broader

---

**2.** Nor, according to CNA's brief, have any of the 94 third party defendants sued by the Trustee in adversary proceeding 390–0073A yet demanded jury trials.

decision on the Trustee's jury demand unnecessary.

## SEVERANCE

■ CNA also moved for a separate trial of all issues pertaining to CNA, which would include the claims allowance, fraudulent conveyance and preference issues. This motion must be examined in the "context of CNA's efforts to obtain some judicial determination of the allowance of its claim," which efforts formally began on June 30, 1989, with the filing of CNA's motion to allow its secured claim. 118 B.R. at 559. Also, this motion must be analyzed as a part of the Court's prior order consolidating these three adversary proceedings under Bankruptcy Rule 7042 but reserving the possibility of a later determination "whether separate trials are necessary or advisable on certain issues of facts or law." 118 B.R. at 564. Rule 7042(b) itself permits a court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," to order separate trials.

The Trustee's fraudulent conveyance complaint, filed against ninety-five defendants, is a complex suit, with many issues, parties and attorneys. This Court has conducted several status and pre-trial conferences and Judge Keith M. Lundin has conducted settlement conferences. It is obvious that while the fraudulent conveyance complaint has some issues, such as the insolvency of the debtors, which are common to all defendants, the gist of the Trustee's complaint against CNA, as a lender, is distinct from the claims against other defendants who were former shareholders, officers or directors. Most of the twenty-three counts are directed exclusively against defendants other than CNA and raise issues of insider dealing and breach of fiduciary obligations. It is true that a portion of the fraudulent conveyance allegations are directed jointly toward CNA and some of the other defendants; however, the allegations as to CNA are distinct

and separable from the allegations as to the other defendants. CNA asserts some defenses which are separate from those defenses alleged by other fraudulent conveyance defendants.

The very thought of a trial involving this number of defendants, with separate issues, defenses, and attorneys, may be a compelling reason to justify a separate trial. Moreover, the lack of the Trustee's jury right as to CNA is a justification for a separate trial as to all CNA issues. Underscoring everything, the trial of the CNA issues will determine whether CNA is secured, undersecured, or unsecured, and this determination is an essential part of the case administration on which an expeditious decision is necessary. For example, the allowance or disallowance of CNA's secured claims will determine whether there will be significant proceeds available for administrative expenses and possible distribution to unsecured creditors.

From all of the facts and circumstances, the Court has determined that a separate trial on the issues involving CNA is in the best interests of these estates and of all the creditors. However, the Court will conduct a further pre-trial and scheduling conference for the purpose of hearing from counsel for CNA and the Trustee on whether the issue of the debtors' insolvency at the time of the alleged fraudulent and preferential conveyances to CNA should be reserved for separate trial after all other CNA issues have been tried.[3] At that conference, counsel should be prepared to schedule definite dates for discovery, dispositive motions, and trial. The Court's goal is to conduct this trial as to CNA issues before the end of 1991, if at all possible.

## MOTION FOR VALUATION OF CNA'S SECURED CLAIMS

■ The creditors' committee filed its motion under 11 U.S.C. § 506 and Bankruptcy Rule 3012 to have the Court value CNA's asserted secured claims. The com-

---

**3.** This procedure was followed successfully in another adversary proceeding in these cases, *Timothy F. Finley, Trustee v. Hambleton Hills*

*Industries, Inc., et al.,* Adv. No. 389–0392 (Bankr. M.D.Tenn.1991).

mittee states primarily that this is necessary in order to enable it to file a plan under 11 U.S.C. § 1121(c). Most of the assets of these estates have been liquidated and under cash collateral orders entered by the Court the proceeds largely have been paid to CNA for provisional application against the debt to CNA. However, the right of all parties in interest to attack the validity, extent and priority of CNA's liens was preserved. That attack has of course now been made by the Trustee. The futility of granting the committee's motion for valuation is best summarized by recognizing that a resolution of CNA's declaratory action and of the Trustee's counterclaims against CNA will result in CNA being either secured, undersecured, or unsecured. The claims allowance process encompasses determinations of § 506 issues, including professional fees and expenses and valuation to the extent necessary. If CNA is found to be unsecured or its claim disallowed, valuation would be unnecessary. Contrary to the committee's position, the Court does not find a valuation request in this case to be a routine matter. Since the Court is cognizant that the validity of CNA's secured claims is at issue, it would be wasteful for everyone for the Court to engage in a separate valuation hearing. Moreover, if the Court is to assume CNA is secured for purposes of valuation, a valuation is unnecessary in view of the Trustee's and committee's position that CNA has already been paid in full and over-paid. The underlying premise of the committee's motion is to have the Court determine the maximum amount to which CNA could be secured. That determination will involve complex issues of law. For example, CNA claims, and the Trustee and committee dispute CNA's entitlement to, default interest, penalties, specialized loan charges, and continuing post-petition attorney's fees and expenses. Furthermore, CNA claims a right to first apply the proceeds from its collateral to its post-petition accruing interest, loan charges, and fees, rather than first applying the proceeds to principal reduction, as the Trustee and committee seek. As noted, the collateral has been liquidated substantially, and valuation in terms of the

proceeds is a simple calculation. That calculation is not what the committee seeks in its motion, and the Court has concluded that two trials are unnecessary on the issues surrounding CNA's claims allowance. Rule 3012 makes valuation permissive rather than mandatory. Therefore, the committee's motion for valuation is denied.

## STAY OF ADVERSARY PROCEEDINGS AS TO OTHER PARTIES

The Trustee announced at the most recent status conference on May 1, 1991, that settlements had been reached with some of the other defendants, subject to Court approval, and the Trustee asked that the Court not stay the adversary proceedings as to all non-CNA defendants. The Court is aware that some of the other defendants in the fraudulent conveyance complaint desire a stay of that proceeding as to them until the CNA trial has been concluded. The Court has concluded that the causes of action are separable as to CNA and the remaining ninety-four defendants. Some of those defendants may have unique defenses, and some may have more or less exposure to liability than does CNA. The Court is concerned about the expense this litigation presents to all parties; however, a stay of the proceedings would not necessarily be to the financial benefit of the other defendants. For example, CNA could prevail over the Trustee, yet the Trustee could prevail over some or all of the remaining defendants. Or, any of the defendants may prevail on dispositive motions or trial. The separate trial as to CNA may not decide the issue of insolvency at this stage. From all of the circumstances, the Court has concluded that it should not stay the fraudulent conveyance adversary proceeding as to any of the defendants, and the Trustee may proceed as to all defendants. If a further scheduling conference is needed as to those defendants, the Trustee should so move.

IT IS THEREFORE ORDERED THAT:

1. The Trustee's jury demand as to CNA is stricken, the Court having concluded that the Trustee's fraudulent convey-

ance and preference counterclaims are a part of the claims allowance process;

2. CNA's motion for a separate trial of all issues relating to CNA's claims allowance and relating to the fraudulent conveyance and preference counterclaims against CNA is granted; however, the Court reserves until the next status and pre-trial conference the issue of whether the debtors' insolvency will be tried separately;

3. The Court will conduct a pre-trial and scheduling conference, to be set by separate order, at which conference counsel for CNA and the Trustee should be prepared to schedule discovery, dispositive motions and trial;

4. The creditors' committee's motion for valuation is denied;

5. The Court will *not* stay the fraudulent conveyance adversary proceeding as to any defendants, pending the trial of the CNA issues, and the Trustee's counsel will notice counsel for all defendants of this order; and

6. The Clerk of the Court is directed to transmit a copy of this order as a part of the record of these adversary proceedings to the United States District Court for the Middle District of Tennessee, for possible consideration in the pending motion to withdraw the reference.

SO ORDERED.