**In re OPTI–GAGE, INC., Debtor in Possession.**

**AMERITRUST COMPANY, N.A., Plaintiff,**

v.

**OPTI–GAGE, INC. et al., Defendants.**

**Bankruptcy No. 3–90–02798.
Adv. No. 3–90–0143.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 28, 1991.

See also 128 B.R. 189.

**258**

John D. Squires, Donald F. Harker, III, Dayton, Ohio, for debtor in possession.

Jon M. Sebaly, Richard A. Setterberg, John T. Ducker, Dayton, Ohio, for Cavenders.

## DECISION AND ORDER DENYING MOTION OF OPTI–GAGE, INC. (DOC. # 12) TO STRIKE CROSS–CLAIMS OF DEFENDANTS CAVENDERS AGAINST OPTI–GAGE, INC.

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion of the debtor in possession, Opti–Gage, Inc., to strike cross-claims of Donna and Walter Cavender made against the debtor in possession in this adversary proceeding.

### FACTS

Opti–Gage, Inc., filed a petition in bankruptcy on June 22, 1990, pursuant to chapter 11 of the Bankruptcy Code and listed Donna and Walter Cavender as creditors. On June 27, 1990, the Cavenders filed an "Application for Removal to United States Bankruptcy Court" of a state court action in which Ameritrust Company, N.A., had sued Opti–Gage to collect on a note. The Cavenders were also named as defendants in the state court action with respect to certain guaranty agreements executed in connection with Opti–Gage's note to Ameritrust. After the state court action had been removed to this court, the Cavenders filed cross-claims against Opti–Gage requesting various relief. Opti–Gage asserts that the filing of these cross-claims falls within the provisions of the automatic stay of § 362 of the Bankruptcy Code, and because the Cavenders did not obtain relief from § 362(a) prior to the filing of their cross-claims, the cross-claims should be stricken from the pleadings as void.

### CONCLUSIONS OF LAW

The issue is whether the filing of cross-claims against a debtor in possession, after a state court action has been removed to this court, is violative of § 362(a) of the Bankruptcy Code.

The filing of a petition in bankruptcy operates as a stay of lawsuits, lien enforcement and other acts against a debtor, property of a debtor, and property of the bankruptcy estate. As correctly observed by the debtor in possession, the automatic stay affords a debtor a breathing spell from his creditors. However, the stay serves another function:

> The automatic stay provisions promote two principal purposes of the Bankruptcy Code. First, the automatic stay "provides the debtor with a breathing spell from his creditors." (citations omitted) In addition, the automatic stay allows the bankruptcy court to centralize all disputes concerning property of the debtor's estate in the bankruptcy court so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas. *Shugrue v. Air Line Pilots Association, International (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2d Cir.1990).

The injunction of § 362, then, serves as a mechanism for this court to control creditor action and encourages creditors to come to this court to resolve their claims. While the automatic stay is intended to temporarily protect a debtor from lawsuits and collection efforts by creditors *outside the bankruptcy court, Lighthouse Bluffs, Corp. v. Atreus Enterprises, Ltd. (In re Atreus Enterprises, Ltd.)*, 120 B.R. 341, 346 (Bankr.

S.D.N.Y.1990), the court finds no legislative intent to prohibit creditors from bringing actions in the bankruptcy court where the debtor has filed his petition:

> Although § 362(a) generally bars all debt collection efforts against the debtor or the property of his bankruptcy estate after the filing of the petition, the stay implicitly does not bar a party from commencing an adversary or contested proceeding against the debtor under the caption of the bankruptcy case in the court where the petition is pending. *American Spinning Mills, Inc. v. Kubicek (In re American Spinning Mills, Inc.)*, 43 B.R. 365, 367 (Bankr.E.D.Pa.1984).

*Accord, In re Atreus Enterprises, Ltd., supra,* 120 B.R. at 346; *Citicorp North America, Inc. v. Finley (In re Washington Manufacturing Company)*, 118 B.R. 555, 561 (Bankr.M.D.Tenn.1990); *Lee Ludwig and Associates, Inc. v. Seasport, Inc. (In re American Sports Innovations ASI)*, 105 B.R. 614, 617 (Bankr.W.D.Wash.1989). Clearly, the same rationale is applicable to cross-claims against a debtor that arise in litigation before the bankruptcy court.

This court finds, then, that filing actions against a debtor in this court comports with the bankruptcy policy of centralizing disputes involving the debtor in one court, and therefore the filing of the Cavenders' cross-claims against Opti–Gage did not violate the automatic stay provisions of § 362. To the extent that such actions impair the debtors "breathing spell," upon request by the debtor, the court may protect the debtor from excessive pressure by simple scheduling adjustments.

For the foregoing reasons the motion of Opti–Gage, Inc. to strike the cross-claims of Donna and Walter Cavender is DENIED.